## FORT WORTH & R. G. RY. CO. v. THOMP-SON.

### No. 1342.

Court of Civil Appeals of Texas. Eastland.

Nov. 23, 1934.

Rehearing Denied Dec. 21, 1934.

Samuels, Foster, Brown & McGee, of Fort Worth, for plaintiff in error.

Oscar Callaway, of Comanche, and Fred O. Jaye, of De Leon, for defendant in error.

LESLIE, Justice.

R. L. Thompson filed this suit against the Fort Worth & Rio Grande Railway Company for damages alleged to have resulted to him from the negligent delay of about twenty-six hours in the transportation of seventy head of fat stock from Blanket, Tex., to the Cassidy Southwestern Commission Company at Fort Worth, Tex. He sought to recover damages in the amount of $488.60. At the trial, which was before the court without a jury, he recovered damages in the sum of $309.92, and the defendant prosecutes error to this court. There are no findings of fact or conclusions of law in the transcript, but the record contains a statement of facts.

By the first assignment, the contention is made that the judgment is based on "testimony which was wholly hearsay and speculative." We have read the testimony, and conclude that the assignment and propositions thereunder are not supported by the record as against the particular complaint here made.

Further, the judgment is supported by sufficient competent testimony, and in such case it will not be reversed on account of erroneous admission of evidence; the trial being before the court. Ferguson v. Ferguson, 23 S.W.(2d) 673 (Tex. Com. App.); Id., 11 S. W.(2d) 214 (Tex. Civ. App.); British General Ins. Co., Ltd., of London v. Stamps (Tex. Civ. App.) 57 S.W.(2d) 638.

In the next place, the alleged hearsay testimony related to market value, and the witness, charged with giving the testimony, gave testimony of personal knowledge and information enabling him to speak, or testify, on the subject; in other words, the testimony is not wholly hearsay, if hearsay at all. If the testimony is predicated on personal knowledge and also on hearsay testimony, it is nevertheless admissible. Norris v. Lancaster (Tex. Com. App.) 280 S. W. 574; New Amsterdam Casualty Co. v. Reeves (Tex. Civ. App.) 300 S. W. 206; the authorities cited under paragraph 214, p. 529, 17 Tex. Jur.

290

Neither was the testimony as to shrinkage speculative. It was given by an experienced shipper in possession of information enabling him to give an opinion on that point due to the·unusual delay of a given length of time.

■ Assignment of error No. 2 is overruled. The shipper Thompson's testimony as to the market value of his stock if they had been sold twenty-four hours earlier, or on the market of the previous day, was not based upon hearsay, but his personal knowledge. Also for reasons given in the disposition of the first assignment.

■ ■ The third assignment complains of the trial court's admission of a witness' answer charged to be merely an opinion and unresponsive. The same question in substance was propounded in direct interrogatory No: 10, and an answer in every respect responsive was given by the witness. This cured the error, if any, advanced by the assignment under consideration. The assignment presents no error in any other respect.

The fourth assignment is overruled, for the reason that the witness' answer to the interrogatory is responsive.

There is no merit in the fifth assignment, and it is overruled.

For the reasons assigned, the judgment of the trial court is affirmed.