**THE KANSAS CITY SOUTHERN RAIL-WAY COMPANY, Appellant,**

v.

**Ada Lee FREDERICK, Appellee.**

**No. 4964.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 17, 1955.

Rehearing Denied March 9, 1955.

Orgain, Bell & Tucker, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Orange County in favor of Ada Lee Frederick, appellee, against The Kansas City Southern Railway Company, appellant.

The appellee, Ada Lee Frederick, brought this suit against The Kansas City Southern Railway Company, seeking to recover damages alleged to have resulted when a train owned and operated by appellant struck her vehicle. The items of damage sought in this case were the following:

(1) It was alleged that her automobile was totally destroyed and that it had a reasonable market value at the time of the destruction thereof of $1,300.

(2) In addition to seeking to recover the market value of the vehicle at the time of its total destruction, she sought to recover the sum of $730 for loss of use thereof.

(3) Claim for exemplary damages in the sum of $750 was alleged but was abandoned on trial.

Defendant went to trial on a general denial, plea of contributory negligence, and plea of unavoidable accident. Trial was had before a jury and the same was submitted on special issues, in response to which the jury found negligence on the part of the defendant and that plaintiff was not contributorily negligent. Two damage issues were submit-ted in response to which the jury found $1,195 for the total destruction of the automobile, plus $730 for the loss of use thereof. Judgment was entered in plaintiff's favor based upon the jury's verdict. Appellant filed motion for new trial, which motion was duly presented and overruled and the appeal was perfected to this court.

By its first point the appellant contends that the trial court erred in allowing the plaintiff to testify over its objection that after her car was destroyed she had not purchased another car because of financial reasons and that she had not been in a financial position to purchase another automobile. It says that this testimony was not material to any issue in the case and the only purpose thereof was to bring before the jury evidence as to her poverty in order that the jury might contrast same with the position of the defendant railroad corporation. We do not believe that this presents reversible error under holdings under Rule 434, Texas Rules of Civil Procedure. In the first place, the testimony that she had not bought another car because she was not financially able is not such a lurid flaunting of plaintiff's poverty as compared to the presumed solvent condition of the railroad corporation as would require us to presume as a matter of law that it caused rendition of an improper judgment in the case. The testimony was not referred to by each side anywhere else in the record of the case, except in the briefs. The evidence in the case was sufficient to support the findings of the jury and the judgment of the court as to negligence and consequent destruction of the appellee's car and as to the market value of such car at the time and place of its destruction. No evidence was introduced by the appellant at any time on the trial of the case. When the appellee concluded her testimony and rested the appellant thereupon rested its case without introduction of any evidence. No effort was made anywhere to show that the admission of such evidence caused the rendition of an improper judgment. The point is overruled. See 31 Texas Law Review 11, 17, 18, by Justice Calvert; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706; Rowan & Hope v. Valadez, Tex.Civ.

334

App., 258 ·S.W.2d 395; Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629.

Appellant's points Nos. 2 and 3 present the principal question to be decided on this appeal. No. 2 complains of the trial court's action in overruling its objection to the submission in the court's charge of Special Issue No. 18, which issue submits the question of damage by reason of loss of use of the vehicle after it was totally destroyed, and No. 3 complains of the court's entering judgment for the sum of $730 for the loss of use of such vehicle.. The appellee alleged in her petition that her automobile was completely destroyed in the collision with the train of the appellant railroad corporation. Her petition also alleged the following: "that as a direct and proximate result of defendant's negligence, plaintiff has been deprived of the use of said automobile since the date of said collision, and says that as a result of loss of the use of said automobile plaintiff has been damaged in the sum of $730. There is no allegation in connection with the alleged loss of use of the car of any special use or earnings in connection with the use of her car and no allegation that it was necessary to replace the car with a new one or that any certain length of time would be required to replace such car.

▇▇ The parties have filed several briefs touching upon these points. The appellant concedes that the law in Texas is well established that if a chattel is partially destroyed and can be repaired, the owner may recover not only the cost of replacement but the reasonable value of the loss of the use of the chattel while it is being repaired. It contends, however, that when the chattel is totally destroyed the rule is well settled that no recovery can be had for loss of use of the chattel or personal property in event of total destruction. We believe this is the correct rule, as announced in the City of Canadian v. Guthrie, Tex.Civ.App., 87 S.W.2d 316.

Appellee contends to the contrary and cites and relies on Korkmas v. Ham, Tex.Civ.App., 141 S.W.2d 433; Davis v. Mrs. Baird's Bakery, Tex.Civ.App., 30 S.W.2d 809; Southwest Stone Co. v. Symons, Tex.

Civ.App., 237 S.W.2d 380; Coffman v. Gulf C. & S. F. Ry. Co., Tex.Com.App., 23 S.W. 2d 304. These cases do not sustain the appellee's position. They all involve loss of use of personal property which was subject to repair and not totally destroyed. The only possible exception is Southwest Stone Co. v. Symons, supra, in which case a truck was totally destroyed and the court allowed recovery for the value of the truck plus the proportionate amount of the value of truck's State license fee for the balance of the license period. We do not consider this as damage for the loss of use of the truck but rather a portion of the damage suffered by the owner in the total loss of the truck, since his license fee had been paid for the balance of the year and could not be refunded to him or transferred to some other person or to some other vehicle. All of the other cases in Texas courts support the position of the appellant.

The appellee also cites a Kentucky case, Louisville & I. Ry. Co. v. Schuester, 183 Ky. 504, 209 S.W. 542, 544, 4 A.L.R. 1344, as persuasive authority for the proposition that if the rule in Texas forbids recovery for the loss of use of a vehicle when it had been totally destroyed, then the rule should be repudiated and the rule as announced in Louisville & I. Ry. Co. v. Schuester should be followed. We have studied this case with interest but we do not believe that it sustains the appellee's position under the circumstances here. In the Schuester case the court in its charge instructed the jury that if the motor truck could not be repaired then in addition to the market value of the truck the jury should award to plaintiff "'the rental value of a truck, as in this instruction defined, for such time as you believe from the evidence would necessarily elapse until a truck of like capacity to the truck in question could be purchased and delivered for use in Louisville, not to exceed·on that account 32 days'". The court in the opinion pointed out that the plaintiff had pleaded as special damages the loss of the use of his truck from the date of its destruction until a new one could be procured. It further points out that plaintiff was operating his truck daily as a common carrier of a sched-

uled route and until he could replace it it had either to rent another or abandon his business, and the rental value of the use of the truck until a new one could be provided was easily and accurately ascertainable. Recovery for such a loss was allowed under those circumstances. This holding seems to regard such a loss as a special damage as a part of the total loss of the truck, in addition to its market value. In the instant case, however, no such special circumstances are pleaded or proved. We do not decide what the rule would be in Texas under such circumstances since it is not presented to us.

■ The appellee assails the decision in City of Canadian v. Guthrie, supra, and says that the portion of the opinion which holds against recovery for loss of use in event of total destruction of personal property was mere dictum, since the court in the same opinion held that it was without jurisdiction in the case. We disagree. In the Guthrie case the court first made the holding against recovery for loss of use after total destruction of the personal property (in that case a mare) and later, because such holding reduced the amount in controversy below the jurisdictional amount of $100, therefore held that the case presented one for an amount below the jurisdictional amount required for an appeal from the County Court to the Court of Civil Appeals. The suit was for $50 for actual value and $350 for loss of services of the mare. The holding in this decision in therefore not dictum, and states the rule prevailing in Texas.

■ We believe that appellant's points 2 and 3 must be sustained and hold that the trial court erred in entering judgment for $730 for loss of use of the vehicle.

Appellant's points Nos. 4, 5 and 6 relate to the evidence as to the value of the loss of the use of appellee's automobile. These points become immaterial in view of our holding above and we do not discuss them.

■ By its 7th point the appellant complains of the trial court's action in overruling its motion to strike the testimony of a witness who testified with reference to the market value of the appellee's vehicle, since a portion of his testimony was based on hearsay statements of others. Wallace Cooper was the witness involved and he testified as to the market value of the car that was wrecked. Mr. Cooper testified that he was an automobile salesman in Orange, and familiar with the particular car destroyed, was familiar with prices of automobiles in Orange, that it was his business and he was required to be acquainted with it, that he knew and examined the appellee's car with the particular purpose in mind of taking it on a trade for another car he was trying to sell to appellee. He testified that such value was $1,195. On cross examination he testified that he had an appraiser at his company look at it and make a report as to its condition and that he took that report into consideration in arriving at the figures which he had given as its cash market value. The appellant moved to strike his testimony on the ground that it was based on hearsay. Mr. Cooper was testifying as an expert. His qualification as to knowledge of automobile values and prices in that community is not questioned in the record. A part of the testimony complained of was based on what the appraiser had told him and part of it is obviously based on his own knowledge. The testimony is therefore not inadmissible and we do not believe the trial court erred in overruling the motion that "his testimony be stricken." In Fort Worth & R. G. Ry. Co. v. Thompson, Tex.Civ.App., 77 S.W.2d 289, it is said: "The alleged hearsay testimony related to market value, and the witness, charged with giving the testimony, gave testimony of personal knowledge and information enabling him to speak, or testify, on the subject; in other words, the testimony is not wholly hearsay, if hearsay at all. If the testimony is predicated on personal knowledge and also on hearsay testimony, it is nevertheless admissible." See, also, Norris v. Lancaster, Tex.Com.App., 280 S.W. 574 and cases cited.

We do not believe that the error noted above in entering judgment for $730 for loss of use of the vehicle requires that the judgment be reversed and remanded for a

new trial. We think that portion of the judgment should be stricken and the other portion of the judgment affirmed, and it is accordingly adjudged.

The judgment will be reformed, awarding the appellee the sum of $1,195 for the value of the car destroyed, and as reformed is affirmed. The costs of the appeal will be taxed one-half against the appellant and one-half against the appellee.

Reformed and affirmed.