Jack COGBILL et al., Appellants,

v.

Forrest MARTIN et al., Appellees.

No. 3516.

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1957.

McAlister & Benchoff, Nacogdoches, George M. Seale, Centerville, for appellants.

W. T. Bennett, Huntsville, Robert E. Burroughs, Centerville, Mac L. Bennett, Jr., Normangee, for appellee.

McDONALD, Chief Justice.

This is a damage suit filed by Forrest Martin and David Dixon for property damage and personal injuries against Jack Cogbill, William Hampton and Gaylord Construction Company, received in a collision between a truck owned by Martin and driven by Dixon, and a truck owned by Cogbill and driven by Cooper in the employment of Gaylord. By way of cross action Cogbill sought damages for his truck and Cooper sought damages for personal injuries. Trial was to a jury, and upon the verdict the Trial Court rendered judgment against the defendants for Dixon for $1,750, and for Martin for $3,000.

Defendants appeal, contending: 1) The Trial Court erred in rendering judgment for plaintiff Martin for $500 loss of income from use of his truck; 2) the Trial Court erred in overruling defendants' objections to Special Issues 3, 5, 13A, 6, 9, 10, and 1; 3) the Trial Court erred in overruling objections of defendants to a statement made by the court, and in limiting cross examination of plaintiff Dixon; 4) the Trial Court erred in refusing to submit defendants' tendered Issues 11, 12 and 13; 5) the Trial Court erred in refusing to grant defendants' motion for judgment non obstante veredicto; 6) the Trial Court

erred in entering judgment for plaintiff when the evidence disclosed the absence of a necessary party to the action.

Reverting to defendants' 1st contention— that the Trial Court erred in rendering judgment for plaintiff Martin for $500 loss of income from use of his truck—plaintiff Martin, in his petition, pleaded damages based upon the reasonable cash market value of the truck before and after the collision; and in the alternative he pleaded damages based on the cost of repairs to his truck plus damages for loss of income from loss of use of the truck pending repair. No evidence was offered as to the cost of repairing the truck, but several witnesses testified as to its value before and after the collision and all testified that it was totally destroyed. Plaintiff Martin testified that he was making $50 per day from the truck and that after the collision it was 12 or 15 days before he could replace it with a new one, and he consequently lost income during such period. The Trial Court submitted issues to which the jury found: 1) the truck was worth $2,750 prior to the collision; 2) $250 after the collision; 3) Martin lost $500 in income from use of the truck. The Trial Court gave plaintiff Martin judgment for $3,000 (which included the $500 loss of income item).

 If a chattel is partially destroyed and can be repaired, the owner may recover not only the cost of replacement, but the reasonable value of the loss of the use of the chattel while it is being repaired. *But,* when the chattel is totally destroyed, the measure of damages is the difference in the market value immediately before and immediately after injury, and no additional recovery can be had for loss of use of the chattel while it is being replaced. Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W. 2d 127; Kansas City S. Ry. Co. v. Frederick, Tex.Civ.App., 276 S.W.2d 332, W/E Ref. NRE; City of Canadian v. Guthrie, Tex.Civ.App., 87 S.W.2d 316.

In the case at bar the evidence reflected that the truck was totally destroyed. The damages in such situation was the value before the collision, $2,750, less the value after the collision, $250, or $2,500. $2,500 is the total damages which plaintiff Martin can collect for his truck, and the Trial Court erred in awarding the $500 damages for loss of use of the truck during the time required for replacement.

Defendants' 2nd contention is levelled at the Trial Court's overruling of objections to Issues 3, 5, 13A, 6, 9, 10, and 1. The complained of issues, together with the jury's answers to same, follow:

"1) Do you find from a preponderance of the evidence that at the time and on the occasion in question the defendant Cooper failed to keep and maintain that character of lookout that a person of ordinary prudence in the exercise of ordinary care would have kept and maintained under the same or similar circumstances? (To which the jury answered Yes).

"2) Such failure was a proximate cause of the collision.

"3) Do you find from a preponderance of the evidence that at the time and on the occasion in question the defendant, Cooper, failed to yield the right of way to the vehicle being driven by plaintiff Dixon? (To which the jury answered Yes).

"By the term 'right of way', as used in the above issue means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction to its path."

"4) Such failure was negligence.

"5) Do you find from a preponderance of the evidence that such negligence was a proximate cause of the collision made the basis of this suit? (To which the jury answered Yes).

"6) Do you find from a preponderance of the evidence that at the time and on the occasion in question the defendant, Cooper, failed to reduce the rate of speed at which he was operating the vehicle he was operating? (To which the jury answered No).

"9) Do you find from a preponderance of the evidence that at the time and on the occasion in question the defendant, Cooper, was driving and operating the truck at a greater rate of speed than a person of ordinary prudence in the exercise of ordinary care would have driven and operated the same under the same or similar circumstances? (To which the jury answered Yes).

"10) Do you find from a preponderance of the evidence that the driving and operating of said truck at said rate of speed was a proximate cause of the collision made the basis of said suit? (To which the jury answered Yes).

"13A) What sum of money, if any, do you find from a preponderance of the evidence, if paid in cash now, will fairly and reasonably compensate the plaintiff, Dixon, for the damages, if any, sustained by him as a direct and natural result of the injuries suffered by him as a result of the collision made the basis of this suit? (To which the jury answered $1,750)."

Defendants complain that Issue 1, supra, is multifarious since it involves two questions. An issue is multifarious if it contains two questions, one of which might be answered yes and the other might be answered no. Issue 1 inquires if the defendant Cooper failed to *keep and maintain* a proper lookout at the time and place of the collision. We think that whether defendant Cooper kept a proper lookout or maintained a proper lookout at the time and place of the collision present synonymous inquiries and that the issue is not duplicitous.

Defendants complain that Issues 3, 5, 13A, 6, 9 and 10 constitute comments upon the weight of the evidence, as well as assume controverted facts. The complaint with Issues 5, 6, 9, 10 and 13A seems to be that they do not contain the words *"if any"* after the inquiry, thereby assuming an affirmative answer to the preceding issue. Issue 6 was answered favorably to defendants, therefore they cannot complain of this issue. We think the omission of *"if any"* in Issues 5, 9, 10 and 13A, after consideration of all the pleadings and evidence in this case, is not such an error as to require a reversal of the case. We think that the errors pointed out fall squarely within the holding of Mason v. Yellow Cab & Baggage Co., 153 Tex. 344, 269 S.W.2d 329; Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W. 2d 147; and Texas P. & L. Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191. The foregoing cases hold that although a special issue submitted to a jury may constitute an implied comment or instruction, because of assumption or apparent assumption of facts involved in terms in which it propounds a question, (as the omission of "if any", etc.), such special issue does not always entail a reversal, since under circumstances of the particular case, the force of the comment may be so weak that it either is no comment at all or may be said to be harmless. Likewise, in view of the record as a whole, we perceive no reversible error in the submission of Issue 3. However, if we be mistaken herein, the jury found defendants guilty of two other separate and distinct acts of negligence, either of which is sufficient to support the judgment rendered.

Defendants' 3rd contention is that the Trial Court erred in overruling defendants' exceptions to a statement made by the Trial Judge and in overruling defendants' exceptions to the action of the Trial Judge in limiting cross examination of the plaintiff Dixon. The record reflects that counsel for defendants was cross examining the plaintiff Dixon and that the

Trial Court admonished counsel for asking repetitious questions, and instructed counsel to desist from asking such repetitious questions. Examination of the record fails to disclose that defendants' right to cross examine was in any way abridged—or that the Trial Judge's statement was more than a proper request of counsel not to continue to ask questions which had already been asked. We find no merit in this contention.

 Defendants' 4th contention complains of the Trial Court's refusal to submit defendants' Requested Issues 11, 12 and 13. Issue 11 was: "Do you find from a preponderance of the evidence that plaintiff, Dixon, failed to slow his truck as he approached the overpass?" Issue 12 inquired if such action was negligence, and Issue 13 inquired if such was a proximate cause of the collision. The substance of such issues was covered in Issues 14, 20 and 26 as submitted by the court in its charge. Issue 20 as submitted by the court inquired of the jury: "Do you find from a preponderance of the evidence that plaintiff, Dixon, entered the overpass without diminishing his speed?" We find no reversible error in not submitting the requested issues.

Defendants' 5th contention is that the Trial Court should have rendered judgment non obstante veredicto because the evidence is uncontroverted that plaintiff saw and realized defendant's perilous position and did nothing to avoid the collision. The jury found that plaintiff did not discover the perilous position of defendant, and we think that such finding is supported by the evidence.

Defendants' final contention is that the Trial Court erred in entering judgment for plaintiff when the evidence disclosed the absence of a necessary party to the action. This complaint is predicated upon the fact that it arose in the evidence that plaintiff Dixon had received payments under the Workmen's Compensation Law. This question was not raised in defendants' motion for new trial and has been waived.

From the foregoing it follows that all of defendants' contentions are overruled except the 1st, which is sustained. Since it appears that the amount of damages plaintiff Martin erroneously recovered in the Trial Court's judgment is $500, and that such was awarded by Issue 13, which may be excluded from the verdict and judgment, we reform the judgment of the Trial Court to exclude such $500 recovery by plaintiff Martin, and affirm the $2,500 recovery by plaintiff Martin, as well as the balance of such judgment. Costs of appeal are adjudged against plaintiff (appellee) Martin.

The judgment of the Trial Court is accordingly reformed, and as reformed, is affirmed.