**Mrs. B. H. REINARZ, Appellant,**

v.

**Henry P. GRINER, Appellee.**

**No. 11374.**

Court of Civil Appeals of Texas.

Austin.

March 23, 1966.

Baker & Watkins, Thomas H. Watkins, Austin, for appellant.

Niemann & Babb, Larry Niemann, Austin, for appellee.

HUGHES, Justice.

This is a declaratory judgment suit in which all the material facts were stipulated. The purpose of the suit is to have declared void a judgment rendered in the 147th Judicial District Court of Travis County on January 13, 1964, in which Henry P. Griner was awarded recovery of $454.00 against B. H. Reinarz.

This suit was filed by Mrs. B. H. Reinarz, Executrix of the will of B. H. Reinarz, against Henry P. Griner who recovered the judgment above described.

Judgment was rendered below denying Mrs. Reinarz any relief.

Appellant contends that the judgment against Mr. Reinarz was void because the court rendering it was without jurisdiction of the suit in which it was rendered.

The pleading of Mr. Griner in that case shows that the cause of action alleged arose out of a collision between a car driven by Mr. Reinarz and a truck being driven by an employe of Mr. Griner. Various acts of negligence were pleaded as well as the following damages: car damages $410.00, (value $450.00, less salvage $40.00); towage and storage $30.00; $70.00 for ten days

loss of use of truck, it being alleged that this was a reasonable time within which to obtain a replacement of truck. The prayer was for the recovery of $510.00, interest and costs.

The judgment rendered on this pleading was for $454.00, being in full for the first two items and $14.00 for loss of the use of the truck.

Appellant concedes that the district court has jurisdiction of a suit where the amount in controversy is $510.00, and he also concedes that the amount in controversy is determined, as a rule, from the face of the pleadings. Citing Laird v. Forrest, Tex. Civ.App., 149 S.W.2d 151, San Antonio, writ ref., and Provident Ins. Co. v. Browning, Tex.Civ.App., 157 S.W.2d 971, Eastland, n. w. h. Appellant contends that since the car was totally damaged, or practically so, that recovery could not be had for loss of its use and hence the $70.00 sought for this loss could not be considered as a part of the amount in controversy for jurisdictional purposes.

■ Laird was an appeal after the trial court had sustained exceptions to a portion of plaintiff's petition and by so doing reduced the amount in controversy below the jurisdiction of the district court. The Court of Civil Appeals sustained the action of the trial court and, in part, said: "In determining jurisdiction the Courts may and should examine the allegations of the parties, and disregard those which do not show actionable complaints."

Provident was also a direct appeal and it followed Laird and its own opinion in Hall v. Price, Tex.Civ.App., 148 S.W.2d 881, n. w. h.

We have no doubt but that the rule stated is, under the authorities, the correct rule. 15 Tex.Jur.2d p. 510, Spencer v. Davis, Tex.Civ.App., 298 S.W. 443, Beaumont, n. w. h.

■ There is another rule, however, which we believe applicable to this case.

It is that in doubtful cases all intendments are in favor of jurisdiction. The specific rule which we apply is stated in Dwyer v. Bassett and Bassett, 63 Tex. 274, as follows:

"And in a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction, and where the plaintiff might have had reasonable ground of expectation of recovering the amount claimed, it being a sufficient amount to give jurisdiction, the case will not be dismissed for want of jurisdiction."

See also Hankey v. Employer's Casualty Co., Tex.Civ.App., 176 S.W.2d 357, Galveston, n. w. h.

In Cogbill v. Martin, Tex.Civ.App., 308 S.W.2d 269, n. w. h., the Waco Court held that "[W]hen the chattel is totally destroyed, the measure of damages is the difference in the market value immediately before and immediately after injury, and no additional recovery can be had for loss of use of the chattel while it is being replaced."

See City of Canadian v. Guthrie, Tex. Civ.App., 87 S.W.2d 316, Amarillo, n. w. h., which, by our analogy of a mare to an automobile, applied the rule stated in Cogbill.

In Kansas City Southern Ry. v. Frederick, Tex.Civ.App., 276 S.W.2d 332, writ ref., n. r. e., the Court disallowed recovery for loss of use of a totally destroyed automobile where no special circumstances were pleaded for the recovery of such damages, saying, "We do not decide what the rule would be in Texas under such circumstances since it is not presented to us."

Neither the parties nor this Court are aware of an authoritative statement by our Supreme Court on this question unless Pridgin v. Strickland, 8 Tex. 427, is such an authority. The authorities, elsewhere, are divided. See Annotations in 169 A.L.R. 1093, 73 A.L.R.2d 722. Also see 22 Am.Jur. 2d, Damages, Sec. 153.

In Pridgin v. Strickland, 8 Tex. 427, a suit for conversion of a slave, the Court

allowed recovery for his value and for the value of his services from the time of conversion to the time of trial. In its opinion by Lipscomb, J., the Court said:

"Whatever may have formerly been the difficulty in settling the rule of damages for an injury done, when that injury is susceptible of judicial cognizance in a civil suit, if the damage is immediate and not too remotely consequential, that it should be commensurate with the injury sustained, is a principle that is now believed to obtain even in courts where they are fettered, and in some measure controlled, by long-established judicial usages under particular forms of actions. It is so in trover, in detinue, and in trespass; and what seems a little strange is, that this doctrine of extending the amount of damages to make it adequate to the injury, in its early growth, received more encouragement in the English courts than in the common-law courts of the United States. (See cases referred to in Sedgw. on the Measure of Damages, p. 3, Burr., 1363; 1 Car. & Payne, 625.) And there can be no doubt that it may safely be assumed that the old rule in the action of trover, that the value of the thing at the time of conversion and interest thereon up to the judgment, if not entirely abolished, has been subjected to so many exceptions as to leave it not worth preservation, and the amount of the damage will vary according to the particular property to which it may be applied; a workman would be allowed damage, not limited to the value of his tools at the time of [435] conversion, and interest thereon, but such amount as the jury might believe from the evidence would be more adequate to the loss he sustained in being deprived of their use in the exercise of his trade. (1 Johns. R., 65.) And, doubtless, on the same principle, the owner of a negro would be allowed to recover not only his value but damages for the value of his services from the time of the demand up to the time of the trial; * * *."

Whether this language adopts or presages adoption of a rule by the Supreme Court different from that applied in Cogbill, we will not determine. We hold, however, that it creates a reasonable doubt which entitles litigants to contend in good faith and with the reasonable expectation of success that the Supreme Court will allow recovery of damages, under special circumstances, for loss of the use of the unrepairable automobile in addition to its value less salvage.

We, therefore, hold that the district court had jurisdiction of the suit resulting in the prior judgment. It follows that the judgment of the trial court should be, and it is, affirmed.

Affirmed.