**H. T. MERRILL, Appellant,**

v.

**Soula F. TROPOLI, Appellee.**

**No. 4631.**

Court of Civil Appeals of Texas.

Waco.

April 13, 1967.

Martin & Knox, Kenneth N. Knox, Houston, for appellant.

William J. Kershner, Houston, for appellee.

WILSON, Justice.

A negative finding in answer to an issue as to whether defendant failed to keep a proper lookout in this rear-end automobile collision case was disregarded by the trial court. Defendant appeals from a judgment for plaintiff on the remainder of the verdict. We affirm.

Defendant's contention is that there was evidence to support the negative answer in his favor on the proper lookout issue. No other ground of negligence was submitted or requested. The testimony relied on is that of an investigating officer who arrived after the collision, and that of plaintiff who testified he returned to his parked car after the night time collision. The duration of the interval following the impact is not ascertainable. These witnesses testified that when they asked the 18-year-old defendant how the collision occurred, he answered, "I really don't know. The car sure stopped quick in front of me." The officer testified, "there was an odor of alcoholic beverage on his breath."

Plaintiff's evidence showed that his car developed engine trouble, that he pulled to the curb, parked, raised his hood, left his rear parking lights burning, and was taken

by a passing motorist to a filling station five blocks away where he telephoned for help. He left his car unattended. When he returned to his car it had been struck in the rear by defendant's vehicle.

■ Testimony of the two witnesses that defendant stated that plaintiff's car "stopped real quick in front of me" is hearsay. McCormick and Ray, Texas Law of Evidence, (2d ed.), Sec. 781, p. 559. It was not offered as an admission. Defendant's statement was self-serving.

■ Hearsay, even when not objected to, is without probative force and will not, alone, support a jury finding. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628, 631; Aetna Ins. Co. v. Klein, 160 Tex. 61, 325 S. W.2d 376, 381. Defendant did not testify. The recited testimony is all that can be marshalled in support of the lookout finding. It was properly disregarded by the court.

■ It is also urged that the findings of the jury as to value of plaintiff's car before and after the collision is supported by no evidence or insufficient evidence, or the findings are contrary to the overwhelming preponderance of the evidence. While the efforts to prove damages were, to say the least, unconventional, we have undertaken to sift the inadmissible evidence offered from that which was properly adduced, and in our opinion the findings are adequately supported.

The jury found the reasonable cash market value of plaintiff's Cadillac to be $4250 before, and $3100 after the collision. It was found that the car could, by repairs, be restored to substantially the same condition it was in immediately before the collision. $637 was found to be the reasonable cost of so restoring it. Judgment was for $1150.

Neither in the trial court nor here does defendant complain that an improper or excessive measure of damages was applied. His point here and his assignment in the motion for new trial submit only that "there is an irreconcilable conflict" in the recited answers to the damage issues. The parties cite numerous intermediate court opinions referring to damages.

■ The rules governing the measure of damage to personalty are clearly defined in Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127. Ordinarily the yardstick is "the difference in the market value immediately before and immediately after the injury to such property at the place where the damage was occasioned." This difference is usually ascertained in a jury trial by submission of two special issues, if raised by the evidence, inquiring as to market value before and after injury. Variations in factual situations suggested in the Pasadena State Bank case may require other measures of damage and other types of issues. Where repairs will restore the chattel to its condition before the injury, that case announces, the owner *may* recover the reasonable cost of repair if he so *elects*, in the manner specified in that decision, together with damages for loss of use; *or* he may, alternatively, recover "the difference between the value of the chattel before the harm and the value after the harm." It is there said to be the defendant's burden, if he desires to claim enhancement of value by repairs, to plead and prove such matter defensively.

■ In the present case there is no "conflict" in the findings. Both separate measures of damages were submitted and found, without objection, and the judgment was based on the difference between the "before and after" market value.

Affirmed.