Oscar CARSON, Appellant,

v.

Gaylon BRYAN, dba Bryan Trucking Company, Appellee.

No. 8554.

Court of Civil Appeals of Texas, Amarillo.

Jan. 28, 1976.

Culton, Morgan, Britain & White, W. F. Countiss, Amarillo, for appellant.

Lovell, Lyle & Renfer, Michael P. Metcalf, Dumas, for appellee.

ROBINSON, Justice.

The trial court rendered judgment for plaintiff for the difference between the before and after value of plaintiff's truck and for "loss of business" which a jury found resulted when plaintiff Gaylon Bryan's Kenworth truck, driven by his employee Gavino Rodriquez, collided with the rear of defendant Oscar Carson's bobtail truck, driven by defendant's employee Willard May. Defendant Carson appeals challenging the measure of damages and the legal and factual sufficiency of the evidence to support jury findings regarding negligence. We modify the judgment to eliminate the recovery for loss of business and affirm the judgment as modified.

The evidence shows that defendant's driver was driving slowly on a two-lane highway, intending to turn left off the highway at an intersection. Plaintiff's driver was approaching from the rear, intending to pass defendant's vehicle on the right. The combined width of the right lane of the highway and the shoulder was sufficient to accommodate the two trucks running in the same direction. Plaintiff's driver testified that defendant's truck moved to the left so that its left wheels were across the center line as it approached the intersection, but that it turned back in front of him when it was too late for him to avoid a collision. He stated that he locked his brakes and swerved to the right. The left front of plaintiff's cab collided with the right rear of defendant's truck. Defendant's driver testified that he intended to turn left and signaled but that he did not cross the center line. He stated that he could not turn because he saw plaintiff's truck coming close and fast and that he could not have turned left without being run over.

The jury found that defendant's driver May was negligent in failing to keep a proper lookout, in not completing the left turn, and in turning to the right when the vehicle driven by plaintiff's driver was overtaking and about to pass his vehicle on the right. The jury failed to find plaintiff's driver negligent with respect to lookout, the manner of approaching defendant's vehicle, the act of attempting to pass on the right, the time of application of his brakes, or the reduction of his speed.

Defendant's driver, May, testified that he watched the approach of plaintiff's truck and there is no evidence to the contrary. Thus, there is no evidence to support the jury finding that he failed to keep a proper lookout. *Agnew v. Kelley*, 464 S.W.2d 717, 719 (Tex.Civ.App.—Fort Worth 1971, no writ). Nevertheless, the court's determination of liability is supported by the other jury findings. Rodriquez, plaintiff's driver, testified to facts supporting the jury findings of negligence on the issues

relating to the negligence of May and rebutting May's testimony concerning Rodriquez's negligence. The testimony of the highway patrolman who did not see the accident but investigated it later corroborates in part Rodriquez's testimony. We find that the jury findings of negligence on the part of May, except for the lookout finding, are supported by some evidence and after considering all of the evidence, including that opposed to the jury findings, conclude that those findings are supported by sufficient evidence and that those failing to find negligence on the part of Rodriquez are not against the great weight and preponderance of the evidence.

We next consider defendant's contention that the trial court erred in rendering judgment for damages including "loss of business."

■ Where one is entitled to judgment for harm to a chattel, not amounting to total destruction, he may recover (1) the difference between the value of the chattel before the harm and the value after the harm *or* (2) at his election, the reasonable cost of repair where feasible with due allowance for any difference between the original value and the value after repairs and the loss of use of the chattel during the time for making repairs or the period of time repairs could have been made with reasonable diligence. *Pasadena State Bank v. Isaac,* 149 Tex. 47, 228 S.W.2d 127 (1950); *Chicago, R. I. & G. Ry. Co. v. Zumwalt,* 239 S.W. 912 (Tex.Comm'n App.1922, jdgmt. adopted). But when the chattel is totally destroyed, the measure of damage is the difference in market value immediately before and immediately after the injury, and no additional recovery can be had for use of the chattel while it is being replaced. *Export Insurance Company v. Herrera,* 426 S.W.2d 895 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); *Cogbill v. Martin,* 308 S.W.2d 269 (Tex.Civ.App.—Waco 1957, no writ); *Kansas City Southeran Railway Co. v. Frederick,* 276 S.W.2d 332 (Tex.Civ. App.—Beaumont 1955, writ ref'd n. r. e.),

and *City of Canadian v. Guthrie,* 87 S.W.2d 316 (Tex.Civ.App.—Amarillo 1932, no writ).

■ In answers to special issues, the jury in the case before us found that the market value of the truck was $8,000 before the collision and $3,500 after the collision. No issue was requested or submitted concerning cost of repairs. Plaintiff, having elected to recover the difference between the values before and after the collision, could not recover for the loss of use of the vehicle during the time reasonably necessary for making repairs.

■ Further, in the case before us all of the evidence shows that plaintiff's truck was a total loss for which no recovery can be had while the chattel is being replaced. Plaintiff himself testified to a repair estimate in excess of the before-collision value of the truck. He made no effort to have the vehicle repaired, but chose to remove the motor from it. He testified that the reason that he did not replace the truck was because he was unable to borrow money to pay for a replacement.

We conclude that plaintiff's recovery should be limited to $4,500, the amount found by the jury to be the difference between the before-collision and the after-collision market values of plaintiff's truck.

■ Defendant's objections to the charge of the court contained eleven objections to the series of issues concerning "loss of business" including the objection that the issue inquiring if plaintiff had sustained a loss of business "in the entirety is improper as it is an improper measure of damages." This objection was reiterated in defendant's motion for new trial. We think that the objections were sufficient under the facts before us to direct the trial court's attention to the defect in the issue. We overrule plaintiff's counterpoint that error with regard to these issues was not preserved for appeal.

Since we hold that loss of use of plaintiff's truck is not part of the proper measure of damage in the case before us, we do not reach the question of whether the in-

quiry concerning "loss of business" properly submitted the elements which may be recovered for loss of use of a vehicle.

■ We overrule defendant's point of error that special issues inquiring whether Willard May was driving with the permission of Oscar Carson, whether May had no driver's license, whether Carson knew that May did not have a driver's license and whether Carson would have known by exercising ordinary care that May had no driver's license are not controlling issues and should therefore not have been submitted. Plaintiff alleged that defendant was negligent in permitting May to take and drive defendant's truck when he knew or by the exercise of ordinary care could have known that May did not have a driver's license. The Supreme Court in *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1947) held that the fact that the driver did not have a license and that the owner's agent by the exercise of due care could have ascertained that he did not have a license may be alleged and proved for the purpose of showing that the owner's agent was negligent in permitting the driver to take and drive an automobile. The court said:

> If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person.

■ Defendant's contention that the trial court should have granted a new trial because defendant's driver, May, who was confined in jail, was permitted to roam at large as a trusty in his jail uniform before the jury is not properly before us. The record is devoid of evidence that any juror saw May in a jail uniform or knew he was in jail. The burden was on the defendant to prove the act which he alleges. *Roming v. McDonald*, 514 S.W.2d 129 (Tex.Civ.App. —El Paso 1974, writ ref'd n. r. e.).

Defendant-appellant's points of error are overruled except as above stated. We do not reach plaintiff's remaining counterpoints.

The judgment of the trial court is reformed by deleting recovery for loss of business and awarding plaintiff recovery for $4,500 vehicle damage. The judgment as modified is affirmed.