Bill RIDDELL, Appellant,

v.

Myrtle MAYS, Appellee.

No. 5531.

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1976.

Rehearing Denied March 18, 1976.

McCracken, Smith, Shields & Taylor, William H. Shields, Leddie C. Taylor, Carrollton, for appellant.

Touchstone, Bernays & Johnston, Ben Admire, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Riddell from instructed verdict that he take nothing in his suit against defendant Mays for negligently running into his parked wrecker vehicle.

Plaintiff sued defendant alleging defendant was driving northward on Broadway in Carrollton, when her vehicle went out of control and collided with defendant's parked wrecker vehicle. Plaintiff alleged acts of negligence on defendant's part, and prayed for $2640. damages for loss of revenue from the use of the wrecker for 30 days during which time he was unable to use the wrecker or a replacement.

Defendant answered by denial that she was guilty of any act of negligence; that she lost consciousness just before the collision; and that the accident was solely the result of an unavoidable accident.

Trial was to a jury. After plaintiff rested defendant moved for instructed verdict on the ground that the evidence showed the plaintiff's wrecker was not repaired, but was a total loss, and was replaced, and that plaintiff cannot recover damages for loss of use to a replaced vehicle as a matter of law.

The trial court granted such motion for instructed verdict and rendered judgment plaintiff take nothing.

Plaintiff appeals on 1 point contending the trial court erred in granting defendant's motion for instructed verdict because:

"A. Material issues of fact were raised by the plaintiff's evidence of negligence, proximate cause and damages based on loss of use.

"B. The general rule that a plaintiff is not entitled to recover damages for loss of use of an unrepairable vehicle has no application in this case".

There is evidence that defendant, a 75-year old woman, was driving down the street when she ran into defendant's parked wrecker vehicle, damaging it. She testified she suddenly lost consciousness just before the collision.

Plaintiff testified as to the damage to his wrecker vehicle; that it was repairable if he would wait 6 months to get parts; that he could and did replace the vehicle in 30 days.

Plaintiff prayed *only* for damages for loss of use of the vehicle for the 30 days he was out of the use of a wrecker vehicle.

The general rule is if a chattel is partially destroyed and can be repaired, the owner may recover not only the cost of repairs, but the reasonable value of the loss of the use of the chattel while it is being repaired. *But,* when the chattel is totally destroyed, the measure of damages is the difference in the market value immediately before and immediately after injury, and no additional recovery can be had for loss of use of the chattel while it is being replaced. *Cogbill v. Martin*, CCA (Waco, Tex.Civ. App.) NRE, 308 S.W.2d 269; *Pasadena State Bank v. Isaac*, S.Ct., 149 Tex. 47, 228 S.W.2d 127; *Kansas City Southern Railway Co. v. Frederick*, CCA (Beaumont, Tex.Civ. App.) NRE, 276 S.W.2d 332; *Export Ins. Co. v. Herrera*, CCA (Corpus Christi, Tex. Civ.App.) NRE, 426 S.W.2d 895.

The reason for not allowing damages for loss of use when the chattel is totally destroyed is because such damages are included as a part of the award for total loss viz: the difference in the market value immediately before and immediately after the injury. See *King v. McGuff*, S.Ct., 149 Tex. 432, 234 S.W.2d 403; *Exports Ins. Co. v. Herrera, supra.*

In the instant case plaintiff did not seek any damages for the difference in value before and after injury to his vehicle. He sought only damages for loss of use while he was replacing such vehicle. In effect plaintiff was treating the vehicle as repairable (which he testified that it was), but not seeking damages for the repairs, and seeking only his damages for loss of use during a period which was 5 months less time than repairs would have taken.

See also *Reinarz v. Griner*, CCA (Austin, Tex.Civ.App.) NWH, 401 S.W.2d 274.

Plaintiff's point and contentions are sustained. The trial court erred in rendering instructed verdict that plaintiff take nothing.

Reversed and Remanded.