**Dennis Martin HARTLEY, Appellant,**

v.

**Gene SCHWAB, Appellee.**

**No. 8878.**

Court of Civil Appeals of Texas, Amarillo.

April 3, 1978.

Rehearing Denied May 1, 1978.

Garner, Vickers & Purdom, Thomas J. Purdom, Lubbock, for appellant.

Splawn Law Offices, Inc., Johnny Splawn, Lubbock, for appellee.

DODSON, Justice.

This is an action for damages to an automobile. Gene Schwab, plaintiff-appellee, brought suit against Dennis Martin Hartley, defendant-appellant, for damages sustained to his automobile resulting from a collision with Hartley's automobile. The non-jury trial resulted in a judgment in favor of Schwab in the amount of $1,558.25, including the sum of $1,087.25 for cost of repairs, $421 for loss of use of the automobile, and $50 for towing and storage costs. Hartley appeals the judgment to this court. Reformed, and as reformed, affirmed.

The accident and resulting damages to Schwab's 1965 Plymouth Valiant automobile occurred on October 2, 1976. The stipulated facts show that the reasonable market value of the automobile immediately before the accident was $525 and its reasonable market value immediately after the accident was $75, with a resulting depreciated value of $450. The parties' stipulations also show that the reasonable and necessary costs of repairs for the automobile would be $1,087.25, and that as of March 10, 1977, the automobile had not been repaired. There is no showing, stipulation or finding that the automobile had peculiar or intrinsic value to Schwab.

On appeal Hartley contends the trial court erroneously entered judgment for Schwab in the amount of $1,087.25 for cost of repairs, $421 for loss of use of his automobile, and $50 towing and storage costs, rather than its depreciated value. Schwab maintains that his automobile was susceptible of repairs, and therefore he was entitled to elect to recover the cost of repairs and loss of its use. Hartley counters that the alleged election arises only when it is economically feasible to repair the automobile.

In support of his position, Schwab relies on principles stated in *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127 (1950); *Merrill v. Tropoli*, 414 S.W.2d 474 (Tex.Civ. App.—Waco 1967, no writ); and *Carson v. Bryan*, 532 S.W.2d 711 (Tex.Civ.App.—Amarillo 1976, no writ). Hartley also relies on *Pasadena* and statements and comments from the Restatement of the Law of Torts.

We do not consider *Merrill* and *Carson* controlling here because neither case presented the question of economic feasibility of repairs to a chattel.

Schwab quotes from *Pasadena* at 128 as follows:

In cases where the damaged personal property is *susceptible* of repairs the owner of the injured property *may* recover the reasonable costs of such replacements and repairs as are necessary to restore the damaged article to its condition immediately prior to the accident. (emphasis added)

■ However, Hartley points out that this statement must be construed in light of the principles derived from the Restatement of the Law of Torts,[1] which are quoted with approval in *Pasadena*. As stated in *Pasadena* at 129:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm *or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible*, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use. * * *"

One can (the owner) "recover only the difference in its value before and after the harm, *except that if, after the harm, it appears to be economical to repair the chattel*, he can elect to recover the cost of repairs, together with the value of the loss of use during the repairs, or other losses which may have resulted during such time." (emphasis added)

These principles qualify the election rule by requiring that repairs be economically feasible.

■ In this case, the evidence shows conclusively that a prudent owner would not deem it economically feasible to repair the automobile. Thus, we conclude that Mr. Schwab has no election to recover the costs of repairs, loss of use and storage costs. However, he is entitled to recover the depreciated value of his automobile. The essential facts to calculate this amount are stipulated by the parties.

Accordingly, the judgment of the trial court is reformed to decree that Gene Schwab does have and recover of and from Dennis Martin Hartley the sum of Four Hundred Fifty and no/100 ($450.00) dollars, with interest thereon at the rate of nine percent (9%) per annum from April 14, 1977, until paid. As reformed, the judgment is affirmed. The costs of appeal are adjudged one-third to Hartley and two-thirds to Schwab.

---

1. Restatement (Second) of Torts § 928 (Tent. Draft No. 19, 1973) is in accord with these principles.