McCULLOUGH–BAROID PETROLEUM SERVICE NL INDUSTRIES, Appellant,

v.

Dot H. SEXTON, Jr., Appellee.

No. 1818.

Court of Civil Appeals of Texas, Corpus Christi.

May 28, 1981.

Rehearing Denied June 18, 1981.

**120**

O. F. Jones, III, Victoria, for appellant.

Vernon N. Reaser, Jack W. Marr, Lewis & Kelly, Victoria, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of that portion of a judgment which awarded appellee, Dot H. Sexton, Jr., property damages as a result of a collision between appellee's combine and a truck operated by an employee of appellant McCullough-Baroid Petroleum Service NL Industries. Based upon a jury verdict the trial court rendered judgment favorable to the appellee for the costs of repair as well as for the reasonable value of loss of use of the combine. We affirm.

A collision between a combine operated by appellee and a truck operated by appellant's employee occurred on July 14, 1977, in Victoria County. The appellee brought suit for property damages to his partially destroyed combine. The cause was submitted on special issues to a jury which found 75% of the negligence attributable to the appellant's employee and 25% of the negligence attributable to the appellee. The jury also found the reasonable cost of repairs of the combine to be $22,000.00 and the value of the loss of use of the combine to the appellee to be $30,880.00. Based on these findings, the trial court entered judgment that the appellant pay 75% of the combined damages, or $39,660.00, being that part of the total damages which the appellant was found to have caused by its negligence

Appellant brings forward two points of error, the first of which contends that the trial court erred in awarding monetary damages that exceeded the fair market value of the combine on the date of the accident. The jury had found that the fair market value of the combine before the accident was $30,000.00. By awarding the appellee $39,660.00 as damages, the appellant argues that the appellee obtained more than the fair market value of the combine. Inherent in this contention is that the amount of recovery of personal property damages is limited by the fair market value of the property before the accident occurred.

In assessing damages to chattels caused by negligent acts of tortfeasors, the courts of this state have always sought to provide "... fair, reasonable, and proper compensation for the injury inflicted as a proximate result of the wrongful act complained of." *Pasadena State Bank v. Isaac,* 228 S.W.2d 127 (Tex.Sup.1950). When the chattel is only partially damaged and can be repaired, the owner can recover not only the cost of repairs but also the reasonable value of the loss of use of the chattel while it is being repaired. *Pasadena State Bank v. Isaac,* supra at 128; *Riddell v. Mays,* 533 S.W.2d 910 (Tex.Civ.App.—Waco 1976, no writ); *Export Insurance Company v. Herrera,* 426 S.W.2d 895, 901 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); *Cogbill v. Martin,* 308 S.W.2d 269 (Tex.Civ. App.—Waco 1957, no writ); *The Kansas City Southern Railway Co. v. Frederick,* 276 S.W.2d 332 (Tex.Civ.App.—Beaumont 1955, writ ref'd n. r. e.).

We are aware of no case which holds that the amount of recovery for repairs to the chattel plus loss of use of a chattel is limited by the fair market value of the chattel prior to the negligent act which caused the damage. A party defendant may contend that the value of the chattel was enhanced by the repairs made on it, but the burden of proof is on that party to show defensively that there had been an enhancement. *Pasadena State Bank v. Isaac,* supra at 129. No such showing has been made in this case.

The appellant urges that *Hartley v. Schwab,* 564 S.W.2d 829 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.) does hold that there is a fair market value limitation

on the amount of recovery. *Hartley* is readily distinguishable from the case before us. In *Hartley*, the stipulated facts reflect that the market value of the plaintiff's automobile immediately before the accident was $525.00 and that the reasonable and necessary costs of repairs for the automobile would be $1,087.25. Based on the great disparity between the amount of the market value and the larger amount of the costs of repairs, the Amarillo Court reasoned:

> "In this case, the evidence shows conclusively that a prudent owner would not deem it economically feasible to repair the automobile. Thus, we conclude that Mr. Schwab (the plaintiff) has no election to recover the costs of repairs, loss of use and storage costs. However, he is entitled to recover the depreciated value of his automobile. . . ."

In the instant case the amount of the costs of repairs for the combine was considerably less than the amount of the market value ($22,000.00 compared to $30,000.00). Therefore, the "economically feasible to repair" holding in *Hartley* does not impress the limitation upon the appellee's recovery here that the appellant urges. Appellant's first point is overruled.

In its second point, the appellant asserts that the jury's answer to the loss of use special issue lacks evidentiary support legally and factually. In resolving those assertions about the sufficiency of the evidence we will be guided by the usual rules set out in *In Re King's Estate*, 244 S.W.2d 660 (Tex.Sup.1952). The jury was asked in the special issue in question the following:

> "What do you find from a preponderance of the evidence to be the reasonable value of the loss of use of the combine during the time reasonably required to repair the damages to the combine caused by the occurrence in question?"

The jury answered "$30,880.00."

■ As we understood appellant's argument in this second point, it is complaining of the insufficiency of the evidence to sustain that part of the special issue which inquires about the " . . . time reasonably required to repair the damage. . . ." Or, the appellant contends, the time to repair was too long; therefore, the "reasonable value for the loss of use" was too high. We disagree. There is evidence in the record that the collision occurred at the beginning of the harvest season, which was the time the appellee expected to make the maximum use of the combine. There is also evidence that the combine could not be repaired before the end of the harvest season, which was the time when the repairs were completed. Appellant's second point of error is overruled.

Finally, the appellee says that the appeal in this case was taken solely for the purpose of delay and is groundless and appellee asks for assessment of 10% penalty against appellant as authorized by Rule 438, T.R.C.P. We deny appellee's request based on our reasoning set out in *Ives v. Webb*, 543 S.W.2d 907 (Tex.Civ.App.—Corpus Christi 1976, no writ).

The judgment of the trial court is affirmed.