**MID–CENTURY INSURANCE
COMPANY OF TEXAS,
Appellant,**

v.

**David BARCLAY, Appellee.**

**No. 3–93–405–CV.**

Court of Appeals of Texas,
Austin.

June 22, 1994.

Rehearing Overruled Aug. 31, 1994.

T. Mark Rogstad, Wright & Greenhill, P.C., Austin, for appellant.

Scott R. Kidd, Brown McCarroll & Oaks Hartline, Austin, for appellee.

Before JONES, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

David Barclay sued Mid–Century Insurance Company of Texas seeking actual and punitive damages alleging that Mid–Century breached its obligations of good faith and fair dealing. *See* Tex.Ins.Code Ann. art. 21.21 (West 1988 & Supp.1994). Barclay also alleged that Mid–Century violated article 21.55 of the Insurance Code by failing to accept or reject his claim within the statutory period. Tex.Ins.Code Ann. art. 21.55 (West Supp. 1994). Barclay moved for partial summary judgment, claiming that Mid–Century violated article 21.55 as a matter of law, and that he was entitled to receive damages of $100,000 plus interest and attorney's fees. Mid–Century responded that article 21.55 did not apply because Barclay made his claim before September 1, 1991, the statute's effective date. The trial court granted the partial summary judgment and the cause went to trial on the remaining issue of whether Mid–Century engaged in unfair or deceptive acts or practices. *See* Tex.Ins.Code Ann. art. 21.-21, § 4 (West Supp.1994). The jury failed to find that Mid–Century engaged in any unfair or deceptive act or practice. The trial court rendered final judgment on Barclay's claim under Insurance Code article 21.55 and awarded Barclay $116,224.65 in damages, $58,112.33 in attorney's fees, and post-judg-

ment interest. Mid–Century appeals bringing six points of error. We will reverse and remand in part, and affirm in part.

## BACKGROUND

On July 2, 1991, Barclay was involved in an automobile accident with an uninsured motorist. Barclay contacted Mid–Century, his insurer, the next day. Though Mid–Century made payments under the personal injury and property damage provisions of Barclay's policy, Barclay did not receive any uninsured motorist benefits. On June 23, 1992, Barclay's attorney mailed Mid–Century a letter demanding payment of $100,000 pursuant to Barclay's uninsured motorist coverage. This appeal arises from Mid–Century's handling of the uninsured motorist claim.

## DISCUSSION

■ In its first point of error, Mid–Century argues that the trial court erred by granting the partial summary judgment because a fact issue exists regarding the application of article 21.55 of the Insurance Code to this suit. The standards for reviewing a summary judgment are well established. The movant has the burden of showing that because of the absence of genuine issues of material fact, he is entitled to judgment as a matter of law. We take as true all evidence tending to show the existence of a fact issue, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The dispositive issue in this appeal is whether Barclay proved that, as a matter of law, he filed his claim for uninsured motorist benefits after September 1, 1991, the effective date of Insurance Code article 21.55.[1]

■ To prove that he filed his claim after the effective date of the statute, Barclay provided a letter dated June 23, 1992. The letter, signed by Barclay's attorney and addressed to the insurer, stated that Barclay was involved in an accident on June 4, 1991,

---

1. Article 21.55 applies to "all claims filed with the insurer on or after September 1, 1991." Act of June 6, 1991, 72d Leg., R.S., ch. 242, § 13.09,

1991 Tex.Gen.Laws 939, 1134. A claim filed before September 1, 1991, is governed by the law that existed at the time the claim was filed. *Id.*

and that the person driving the other car was an uninsured motorist. Also included in the summary judgment proof was a certified-mail receipt showing that Mid–Century received this letter on June 24, 1992. In response to the motion for partial summary judgment, Mid–Century provided evidence showing that Barclay had first asserted his uninsured motorist claim in June 1991. This evidence included the affidavit of Duane Eller, a special claims adjuster, who stated that Barclay's claim was reported to the Austin Branch Claims Office on June 5, 1991, and that it was immediately referred to him as a possible uninsured motorist case. Eller's affidavit states, "Mr. Barclay asserted a claim in June of 1991 for all benefits under his policy. This claim for compensation included personal injury protection and uninsured motorist benefits."[2]

Barclay argues that although he contacted his insurer immediately after the accident on June 4, 1991, he did not make an uninsured motorist claim until his attorney mailed the letter on June 23, 1992. We disagree that the summary judgment evidence proves this to be true as a matter of law. In response to Barclay's motion, Mid–Century provided Barclay's deposition in which Barclay stated that he notified his insurer of the claim on June 5 because he wanted it to "take care of [its] responsibilities," which he believed to be "the ones [for which] I was paying my premiums." We conclude that Eller's affidavit and Barclay's deposition testimony are sufficient to create a fact issue as to when Barclay first notified his insurer of his claim to benefits under the uninsured motorist portion of his policy. To hold otherwise would be to require an insured giving notice of a claim to identify the specific elements of the policy and expressly state an intent to assert a claim under each. We further note that Mid–Century's admission that it received the June 24, 1992, notice of claim does not prove this was the *first* time Barclay, seeking to recover under his policy, notified the insurer of the accident.

■ Barclay contends that, as a matter of law, his uninsured motorist claim is governed by article 21.55 because it was not "filed" until June 24, 1992. Barclay claims that his initial telephone call to his insurer informing it of the accident did not constitute filing a claim under the provision governing application of Insurance Code article 21.55. *See* Act of June 6, 1991, 72d Leg., R.S., ch. 242, § 13.09, 1991 Tex.Gen.Laws 939, 1134. Barclay argues that because his initial contact with the insurer was not in writing, and because Eller's affidavit does not state that Barclay "filed" a claim, the claim was not "filed" until June 24, 1992. We find this argument unpersuasive. We understand the term "filed" to refer to the insured's action in providing the insurance company whatever notice was required by the specific policy at issue. In this case, Barclay's policy required that he promptly notify the insurer of "how, when and where the accident or loss happened." This policy did not require that notice be in writing, and we do not interpret the language setting out the statute's effective date to impose on the insured greater responsibilities than those embodied in the insurance policy itself.[3] A claim is "filed" with an insurer on the day the insured gives the notice required by the policy. An insured may not convert a claim into one governed by article 21.55 by mailing a letter after the statute's effective date reasserting a claim already made. We sustain Mid–Century's first point of error.

2. Barclay asserts that Eller's affidavit is immaterial because Mid–Century admitted receiving Barclay's June 24 letter stating that the accident involved an uninsured motorist and demanding payment of $100,000. However, Mid–Century did not admit that the letter was Barclay's *first* contact with his insurer regarding the June 4, 1991, accident. Eller's affidavit stating that the uninsured motorist claim was first asserted in June 1991 is not immaterial because it controverts a fact not already admitted. *See Cherry v. North Am. Lloyds*, 770 S.W.2d 4, 6 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

3. We recognize, however, that an insured whose claim is first filed after September 1, 1991, must give the insurer written notification in order to invoke the protections of article 21.55. Tex.Ins. Code Ann. art. 21.55, § 1(5) (West Supp.1994) ("'Notice of claim' means any notification in writing to an insurer, by a claimant, that reasonably apprises the insurer of the facts relating to the claim.").

In addition to arguing that a fact issue precluded the rendition of partial summary judgment, Mid–Century challenges the trial court's award of damages and attorney's fees under the statute. In the event we are incorrect about the existence of a fact issue precluding summary judgment in this case, we will address Mid–Century's complaints regarding the award of damages and attorney's fees. We also believe clarification of the statutory provisions embodied in article 21.55 will aid the district court in proper disposition of the cause on remand.

Article 21.55, section 6 provides:

> In all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor is not in compliance with the requirements of this article, *such insurer shall be liable to pay the holder of the policy,* or the beneficiary making a claim under the policy, *in addition to the amount of the claim, 18 percent per annum of the amount of such claim as damages, together with reasonable attorney fees* as may be determined by the trier of fact. Such attorney fees shall be taxed as part of the costs in the case.

Tex.Ins.Code Ann. art. 21.55, § 6 (West Supp.1994) (emphasis added). The parties disagree about the meaning of the words *amount of the claim;* Mid–Century asserts that the amount of the claim equals the damages actually suffered by the insured as the result of the accident, whereas Barclay argues that the insured is entitled to the full amount he demands. The statute itself provides the following definition:

> "Claim" means a first party claim made by an insured or a policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract *that must be paid by the insurer* directly to the insured or beneficiary.

Tex.Ins.Code Ann. art. 21.55, § 1(3) (West Supp.1994) (emphasis added). According to the terms of Barclay's policy, Mid–Century agreed to pay "damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident." The Texas Supreme Court has interpreted the phrase "legally entitled to recover" in an uninsured motorist policy to mean "the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages." *Franco v. Allstate Ins. Co.,* 505 S.W.2d 789 (Tex.1974). This Court has also held that to recover under an uninsured motorist policy, the injured party must establish the amount of the damages. *Sikes v. Zuloaga,* 830 S.W.2d 752, 754 (Tex.App.—Austin 1992, no writ) (citing *State Farm Mut. Auto. Ins. Co. v. Matlock,* 462 S.W.2d 277, 278 (Tex.1970)). This legal precedent establishes that in order for the claim to be one that "must be paid by the insurer," the insured claiming uninsured motorist benefits must secure an agreement or a judgment determining the amount of damages caused by the accident. Additionally, the insurer is not required to pay more than the insured's policy limits. The "amount of claim" referred to in article 21.55, section 6, therefore, will never exceed the insured's policy limits and is restricted to the amount to which the insured shows herself legally entitled. We sustain Mid–Century's third point of error.

In its second point of error, Mid–Century argues that when an insurer violates article 21.55, section 3(a), the damages provision set forth in section 6 does not apply. Mid–Century claims that *section 6 only applies when the insurer violates section 3(f),* which states:

> Except as otherwise provided, if an insurer delays payment of a claim . . . for a period exceeding the period specified in other applicable statutes, or in the absence of any other specified period, for more than 60 days, the insurer shall pay damages and other items *as provided for in Section 6 of this article.*

Tex.Ins.Code Ann. art. 21.55, § 3(f) (West Supp.1994) (emphasis added). By contrast, section 3(a) does not expressly state that failure to comply results in damages assessed in accordance with section 6. Mid–Century argues that this failure to refer to section 6 means the damages provisions set forth in that section do not apply to section 3(a) violations. We disagree. The language of section 6 clearly and unambiguously dictates

its application to the insurer that fails to comply with *any* of the requirements set forth in article 21.55.[4] We overrule the second point of error.

■ In its fourth point of error, Mid–Century contends that attorney's fees pursuant to a contingent-fee agreement are not recoverable under article 21.55. Mid–Century relies on authority construing Insurance Code article 3.62, the statutory predecessor to the current provision. *See, e.g., Mutual Life Ins. Co. v. Daddy$ Money, Inc.,* 646 S.W.2d 255, 259 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Before its amendment in 1991, Insurance Code article 3.62 provided:

> In all cases where a loss occurs and the life insurance company, or accident insurance company ... liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss *together with reasonable attorney fees for the prosecution and collection of such loss.*

Act of June 28, 1951, 52d Leg., R.S., ch. 491, art. 3.62, 1951 Tex.Gen.Laws 868, 920 (Tex. Ins.Code Ann. art. 3.62, since amended). In 1928, the commission of appeals construed this statute as follows:

> The above statute provides for a reasonable attorney fee for the prosecution and collection of such loss. This means such a fee as would be reasonable for a litigant himself to pay his own attorney for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the litigation. [I]t is the purpose and object of the statute *to allow the plaintiff a reasonable sum for a competent attorney, or firm of attorneys, to represent him in the case and prosecute the litigation. . . .*

*Southland Life Ins. Co. v. Norton,* 5 S.W.2d 767, 768 (Tex. Comm'n App.1928, holding approved) (emphasis added). In 1991, the legislature amended the statute and replaced the words "reasonable attorney fees for the

prosecution and collection of such loss" with "reasonable attorney's fees as may be determined by the trier of fact." This Court has construed a similar provision in the amended Insurance Code as permitting an award of attorney's fees based on a contingent-fee agreement. *See Great Am. Ins. Co. v. North Austin Mun. Util. Dist.,* 850 S.W.2d 285 (Tex.App.—Austin 1993, writ requested). We held that evidence of a contingent-fee contract was sufficient to support recovery under article 21.21, which permits recovery of "reasonable and necessary attorney's fees." *Id.* at 290. We believe that the legislature's express statement that the purpose of the amended statute is to ensure prompt payment of claims and its command that we construe the statute liberally to achieve that purpose require that we allow attorney's fees based on contingent-fee agreements under article 21.55's similar damages provision. Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates article 21.55. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The spectre of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. We overrule the fourth point of error.

■ Mid-Century's fifth point of error addresses the proper calculation of the attorney's fees component of the plaintiff's recovery when the award is based on a contingent-fee agreement. The statute permits the insured to recover, as damages, the amount of the claim, as well as eighteen percent per annum of the amount of the claim and a reasonable attorney's fee. As this Court held in *Great American Insurance Co. v. North Austin Municipal Utility District,* when the plaintiff's fee arrangement is such that the attorney's fees are a percentage of the total recovery, in order to render a proper judgment the trial court must calculate the total amount of the recovery so that after the attorney's percentage is allocated to at-

---

4. We reject Mid–Century's contention that the statute must be strictly construed because it is penal in nature. The statute itself provides: "This article shall be liberally construed to pro-

mote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance." Tex.Ins.Code Ann. art. 21.55, § 8 (West Supp.1994).

torney's fees, the remaining sum equals the amount of the claim plus eighteen percent per annum. 850 S.W.2d at 291. This reasoning applies equally to attorney's fees awarded under article 21.55. The fifth point of error is overruled.

Mid-Century's sixth point of error challenges the trial court's award of post-judgment interest at eighteen percent per annum. We agree that the statute does not provide for post-judgment interest in the amount of eighteen percent per annum. Rather, the statute requires that the trial court award as *damages,* in addition to the amount of the claim and attorney's fees, eighteen percent per annum of the amount of the claim. Insurance Code art. 21.55, § 6. The trial court should then calculate post-judgment interest on the total amount of damages as directed by statute. *See* Tex.Rev. Civ.Stat.Ann. art. 5069–1.05(2) (West 1994) (providing that judgments, together with taxable court costs, earn interest, compounded annually, at the rate published by the consumer credit commissioner in the *Texas Register*). We sustain the sixth point of error.

## CONCLUSION

Because we conclude that Barclay has not carried his burden of proving as a matter of law that the uninsured motorist claim was filed after the effective date of Insurance Code article 21.55, we hold that the trial court improperly granted partial summary judgment awarding damages pursuant to that statute. We reverse that portion of the district court's judgment awarding damages and attorney's fees pursuant to Barclay's claim under Insurance Code article 21.55, and we remand the cause to the district court for trial on the issue of damages pursuant to article 21.55. The remainder of the judgment is affirmed.