

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00441-CV

CHARLES NOTEBOOM, JUDITH                                         APPELLANTS
NOTEBOOM, AND LINDSEY
NOTEBOOM

V.

FARMERS TEXAS COUNTY                                              APPELLEE
MUTUAL INSURANCE COMPANY

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## OPINION

----------

Appellants appeal the trial court's take-nothing judgment in favor of Appellee. We reverse and render judgment in Appellants' favor. *See* Tex. R. App. P. 43.2(c).

## I. BACKGROUND

### A. FACTUAL BACKGROUND[1]

On December 12, 2005, Lindsay Noteboom was in a car accident. The car Lindsay was driving was insured through appellee Farmers Texas County Mutual Insurance Company ("Farmers"). The policy provided coverage for damage caused by an uninsured motorist ("UM coverage") and collision coverage ("collision coverage") for property damage. Judith Noteboom, Lindsay's mother, was the named insured on the policy. Both the car and Lindsay were covered under the policy at the time of the accident.

Farmers paid $15,931.32 to have the car repaired. After the car was repaired, however, it diminished in value by $8,000. Soon thereafter, Farmers determined that the driver of the other car was uninsured. Therefore, Farmers began to proceed on Judith's claim as if it were under UM coverage. For instance, Farmers refunded the higher deductible amount Judith previously paid under collision coverage and acknowledged its obligation to pay $1,850 for loss of use of the car while it was repaired. Farmers also offered to pay Judith $2,700 for the car's diminished value post-repairs. Judith refused the offer for diminished value, but she apparently accepted the loss-of-use payment. Farmers asserts that Judith sold the car and retained the value of the sale; however, there is no evidence in the record to support this fact.

---

[1]The majority of these facts were stipulated to by the parties and, thus, are not in dispute.

## B. PROCEDURAL HISTORY

Because Judith disputed the amount Farmers offered for diminished value, she, Lindsay, and Lindsay's father Charles Noteboom (collectively, "the Notebooms") filed suit against Farmers for breach of contract and also raised extra-contractual claims. The trial court severed and abated the Notebooms' extra-contractual claims "until the issues of liability and damages are finally determined by this Court." The parties then entered several stipulations of fact, including that the diminished value of the car post-repairs was $8,000. They further stipulated that the sole issue for the trial court was "whether or not the diminution in value is recoverable under the policy. The [Notebooms] claim it is recoverable. [Farmers] denies [diminished value] is recoverable under the standard Texas Auto Policy generally and under this policy specifically where the vehicle has been repaired." After a bench trial, the trial court concluded that the diminished value of the car was not recoverable and rendered a take-nothing judgment in favor of Farmers on the Notebooms' breach of contract claim. The Notebooms appealed and assert in a sole issue that the trial court erred by holding they could not recover damages for diminution in value under the policy's UM coverage.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Like the trial court, we must decide whether the diminished value of the Notebooms' car was recoverable under the policy. We review this question

3

under the well-trod standards of contract interpretation. *See Tex. Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879 (Tex. 1999). If policy language can be given a definite legal meaning, we construe it as a matter of law as unambiguous. *See Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). An ambiguity, which is determined as a matter of law, does not arise solely by virtue of the parties' competing interpretations but occurs only if the contractual language is susceptible to two or more reasonable interpretations. *See id.* at 464–65.

Additionally, this case was tried on stipulated facts. We apply a de novo review to such a case and are bound by the stipulations. *See Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, LLC*, 360 S.W.3d 691, 698 (Tex. App.—Dallas 2012, no pet.). In short, we review the trial court's order to determine if it correctly applied the law to the agreed stipulated facts. *See id.*

## B. APPLICATION TO POLICY

The parties' dispute centers on whether the policy's coverage provisions obligate Farmers to pay the Noteboms for the diminished value of the repaired car.[2]

---

[2]Although the Noteboms assert that Ohio law applies to determine Farmer's obligations under the UM-coverage provision, we will apply Texas law because the Noteboms concede (and Farmers does not dispute) that Ohio law and Texas law are the same on this issue. *See Aldridge v. Thrift Fin. Mktg., LLC*, 376 S.W.3d 877, 881–82 (Tex. App.—Fort Worth 2012, no pet.).

4

## 1. Insured's Choice of Coverage

Farmers argues that because it paid for the repairs, the Notebooms "elected" to proceed under the collision-coverage provision, which does not allow recovery for diminished value. We disagree.

The UM-coverage provision states that if UM coverage and collision coverage both apply to an insured's property damage, the insured may "choose the coverage from which damages will be paid." Like the policy, the insurance code provision in effect at the time of the accident specified that the insured "may recover under the policy coverage chosen by the insured." Act of May 24, 1979, 66th Leg., R.S., ch. 626, 1979 Tex. Gen. Laws 1418, 1418 (amended & recodified 2005) (current version at Tex. Ins. Code Ann. § 1952.107(a) (West 2009)).

There is no indication that the Notebooms chose coverage under the collision-coverage provision. Although the Notebooms initially paid the higher deductible applicable to collision coverage, Farmers refunded the amount that exceeded the UM-coverage deductible once Farmers determined that the other driver was uninsured. The record instead indicates that the Notebooms chose UM coverage, which Farmers obviously understood as shown by their partial refund of the deductible the Notebooms paid under the collision-coverage provision.

## 2. Double Recovery

Farmers asserts that because it paid for the repairs, the Notebooms cannot additionally recover for the car's diminished value because such damages would not be recoverable if the Notebooms had sued the uninsured motorist and would constitute an impermissible double recovery. In other words, Farmers contends that because the Notebooms would not be entitled to recover both (1) loss of use and diminished value *and* (2) the cost of sufficient and reasonable repairs, the repair cost is the only damages measure they are entitled to. Again, we disagree.

It is clear that the policy's collision coverage does not allow recovery of diminished value when the car was fully and adequately repaired, as the parties stipulated occurred. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 158 (Tex. 2003). The policy's UM coverage, however, states that Farmers "will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of . . . property damage, caused by an accident." Damages an insured would be "legally entitled to recover" means "the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages." *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex. 1974); *see also Mid-Century Ins. Co v. Barclay*, 880 S.W.2d 807, 811 (Tex. App.—Austin 1994, writ denied). Thus, the insured must secure an agreement or a judgment determining the amount of

6

damages caused by the accident, but such amount may not exceed the policy limits.[3] *See Barclay*, 880 S.W.2d at 811.

If property is not totally destroyed, the owner of the property may recover either (1) the market value measured by the difference in the immediate pre-injury value of the property and the immediate post-injury value before repairs or (2) damages for cost of repair and loss of use. *See Tex. Farm Bureau Mut. Ins. Co. v. Wilde*, 385 S.W.3d 733, 737 (Tex. App.—El Paso 2012, no pet.). Generally, a property owner cannot recover both because it would constitute a double recovery, which is prohibited. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995). However, damages for diminished value and damages for cost of repairs are not duplicative if the diminished value is calculated based on a comparison of the original value of the property and the property's post-repair value. *See id.*

Farmers and the Notebooms stipulated that the value of the car "post-repair" was diminished by $8,000. In other words, because the stipulated diminished value of the Notebooms' car was not calculated based on a comparison of the original value of the car to the value of the unrepaired car, the Notebooms could recover both the repair costs and the diminished value without receiving a double recovery. *See id.* Therefore, the diminished value of the car was a measure of damages that also could have been recovered had the

---

[3]The stipulated damages do not exceed the policy's limits.

Notebooms sued the uninsured driver, which contractually obligated Farmers to pay those damages as well under the policy's UM coverage. Indeed, the Texas Department of Insurance has concluded that UM coverage could allow an insured to recover for diminished value: "Further, an insurer may be obligated to pay a first party claimant under the uninsured/underinsured motorist coverage provisions of the policy, for any loss of market value of the first party claimant's automobile, regardless of the completeness of the repair." *Tex. Dep't of Ins. Comm'r Bulletin*, No. B-0027-00 (Apr. 6, 2000). We sustain the Notebooms' sole issue.

## III. CONCLUSION

Under the unambiguous policy language and the parties' stipulations, the Notebooms were entitled to insurance coverage under the policy's UM coverage. The UM coverage obligated Farmers to pay for the Notebooms' damages for the cost of repairs, loss of use, and diminished value as calculated based on a comparison of the car's value before the accident and after the repairs. Because the trial court did not correctly apply the law to the stipulated facts, we reverse the trial court's judgment and render judgment in favor of the Notebooms for $8,000—the stipulated amount of post-repair, diminished-value damages.

LEE GABRIEL<br>JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  July 11, 2013