## PASADENA STATE BANK v. ISAAC.

### No. 12109.

Court of Civil Appeals of Texas. Galveston.

June 23, 1948.

Rehearing Denied July 15, 1949.

James G. Donovan, Joe D. Jarrard, Jr., both of Pasadena and Morris Pepper, of Houston, for appellant.

T. Jay Foster, of Pasadena, Henson, Coleman, Foster & Walker, of Pasadena, of counsel, for appellee.

CODY, Justice.

From a judgment denying appellant Bank recovery of any damages for an injury to an electrical accounting or bookkeeping machine belonging to appellant, alleged by appellant to have been proximately caused by the negligence of appellee, d/b/a the Pasadena Transfer Company, a hauling and moving business, this appeal is prosecuted.

Appellant alleged that on or about April 20, 1947, appellee, under an agreement with appellant, undertook to transport safely the accounting and bookkeeping machine aforesaid, but by reason of his negligence, specified in appellant's petition, appellee injured said machine, and appellant further alleged: "The aforesaid machine was not susceptible to local repairs and plain-

tiff was put to the expense of returning the machine to the factory of the aforesaid manufacturer for overhauling and repairs; which expenses were in the sum of $979.39, which sum it was necessary and reasonable for plaintiff to expend to restore the said machine to approximately the same condition it was in before it was damaged as aforesaid, to plaintiff's damage in the sum of $979.39, said sum being the difference in the reasonable cash market value of said machine immediately before and immediately after it was damaged as aforesaid."

The court, trying the case without a jury, rendered the judgment, as above indicated. In response to appellant's demand, the court filed his conclusions of fact and law on January 31, 1949, to the effect, among other things:

That appellant bought the machine new about three years before appellee injured it, and paid therefor approximately $1700. Further, that "No testimony or evidence as to market value of said machine immediately before said accident and immediately after said accident was introduced by plaintiff. When plaintiff's witness was questioned by the court as to the market value before and after, he disqualified himself by saying that he did not know anything about market value."

That the machine was susceptible to repairs, and appellant had the same repaired at the expense of $979.39, which was the reasonable and necessary expense to restore the machine to the same condition it was in immediately before it was damaged; that $600 of the total repair bill represented replacements in the machine by new parts; and further, that "Plaintiff offered no evidence and no testimony showing the relative value of the machine after such repairs were made and the value of said machine immediately before the accident."

As his conclusion of law the court found: That appellant (plaintiff) has failed to discharge his burden of proof on the question of damages; that there was no evidence which would show market value immediately before and immediately after the accident. Further, that "The only evi-

dence upon which this court could enter a judgment for plaintiff is the reasonable and necessary cost of repairs. I believe it would be an error for this court to enter a judgment for plaintiff based on this evidence alone for such a judgment would fail to take into account the very evident possibility that the market value of said machine after repairs might exceed the market value of said machine immediately before said accident."

Thereafter, on February 7, 1949, the court filed additional findings of fact to the effect: That the repairs were reasonable and necessary and restored the machine "to the same condition it was in immediately before it was damaged." That the repairs as made did not include any 'innovations' or 'new features' but only covered repairs "necessary to restore the machine to its former operating condition in all respects."

Appellant predicates its appeal upon two points: (1) that the court should have rendered judgment for appellant as appellant proved, and the court found, that the machine was restored to the same condition which it was in prior to the injury, so that the measure of damages which is applicable and which was proved by appellant was the reasonable cost of necessary repairs to the machine, "and the court erred in holding as a matter of law that the measure of damages in such a situation is the difference between the market value of the machine immediately before the accident and immediately after the accident", (2) that the case should at least be remanded because the court failed to award any damages whatsoever, and, this being an actionable injury, appellant was entitled to at least nominal damages.

The general rule on measure of damages to personal property is, of course, the difference in the market value of the injured property immediately before and immediately after its injury. In Chicago, R. I. & G. Ry. Co. v. Zumwalt, Tex.Com. App., 239 S.W. 912, 915, the commission of appeals said: "The true measure of actual damages to personal property injured but not totally destroyed is founded upon the principle of fair compensation for the pe--

cuniary loss sustained. According to the rule adopted in this state, this measure is ordinarily the difference in the value of the article injured at the time and place, immediately before and immediately after the injury, with legal interest. * * * This rule, save in exceptional cases, embraces and includes all the recoverable elements of damage and is supported by the great weight of authority as the general rule for the measurement of such damages. * * *"

■ But the proper rule is to give the owner of property which has been injured fair compensation for the pecuniary loss caused him by the actionable fault of another. In the case just quoted from the court went on to say: "When the injured article is susceptible of restoration, *a different rule is sometimes applied. In such cases the reasonable cost of replacements and repairs is one of the elements of recovery* but not necessarily the only one. * * * If the injured article, after such repairs as are practical, at reasonable expense, is worth less than it was before the injury, the difference in the value of the article before the accident and after such repairs are completed may also be recovered." (Emphasis supplied.)

In the case of Milby Auto Co. v. Kendrick, Tex.Civ.App., 8 S.W.2d 743, 744, our court speaking through the late Chief Justice Pleasants said: "It occurs to us that there could be no more accurate method of ascertaining the damage caused appellee by appellant's negligence than the reasonable necessary cost of restoring the injured automobile to its condition prior to its injury, thereby giving it the same value it possessed immediately before its injury. Such measure of damages conforms to the one fundamental rule, applicable in all cases of negligent injury, which entitles the injured party to fair and reasonable compensation for the loss sustained, *and is not in conflict with the general rule that the measure of damage is the difference in the market value of the injured property before and after its injury. If the injured property is restored to its condition prior to its injury, its market value would ordinarily be restored, and the cost of such restoration would be identical with the difference between its market value before and after its injury.*" (Emphasis supplied.)

In the Kendrick case, the appellant was assailing the submission by the court of the following special issue. "What amount would be the reasonable cost of necessary new parts and of repairing other broken or damaged parts of plaintiff R. A. Kendrick's automobile, to restore same to its former condition immediately before the accident?" And in that case, appellant was assailing the propriety of the special issue, not because there was not ample evidence to support such submission, but solely upon the grounds that the court did not submit special issues so as to enable the court to apply the general measure of damages by determining literally, and eo nomine, the market value immediately before and immediately after the injury. As indicated, the court held that the correct answer to the issue in the form submitted would ordinarily be identical with the answer to special issues formed to determine the market value of the injured article immediately before and immediately after the injury.

■ Upon the face of the court's findings of fact in the case at bar to the effect that the machine has been restored to the same condition it was in immediately before the injury, such finding seems comprehensive enough to include as a corollary that the machine had been restored to the same value that it had immediately before the injury. But the court has made it clear in his findings of fact that by the term "same condition" as used by him he merely means the same working or operating condition. We cannot hold, therefore, that when the trial court found that the machine had been restored by appellant to the same operating condition that it had immediately prior to the injury that he intended to find that the machine had been restored by appellant to the "same value" that it had immediately before the injury. To the contrary, the court has been at pains to make it clear that it was his conclusion that the replacements which appellant caused to be placed in the machine to

restore it to its former operating condition effected an enhancement of its value. The court found, as stated above, that the original cost of the new machine three years before the injury was $1,700 and further found that the replacements by new parts was at the reasonable necessary cost of $600. The court makes it clear that in his opinion the market value "of said machine after repairs might exceed the market value of said machine immediately before said accident."

It will be noted, however, that the court found that the reasonable necessary cost of the replacement and repairs expended to restore the machine to its same operating condition that it had immediately prior to the injury was the sum of $979.39 and as noted, the court segregated this sum into a fund of $600 constituting the cost of new replacements, and deducting said sum of $600 from the total sum of $979.39, which was the necessary cost of the repairs and replacements, we have left the sum of $379.39, which covered the necessary cost of the transportation of the machine to the factory and back to be repaired and the labor necessary to restore the machine to its former operating condition. This element of damage was one that is recoverable and one which did not effect any enhancement in value and the court was in error in failing to allow appellant to recover at least said sum of $379.39 from appellee.

We overrule appellant's second point.

Under the court's findings of fact the court should have rendered judgment for appellant for the sum of $379.39 with legal interest thereon from the day of judgment rendered in the trial court. We reverse the court's judgment insofar as it denied appellant recovery of any sum and here render judgment for appellant against appellee in the sum of $379.39 with interest as indicated and all costs of court.

Judgment reversed and in part rendered.