PASADENA STATE BANK V. J. B. ISAAC.

No. A-2377. Decided March 8, 1950.
Rehearing overruled April 5, 1950.
(228 S. W., 2d Series, 127.)

48

*James G. Donovan, Morris Pepper,* and *Joe D. Jarrard, Jr.,* all of Pasadena, for petitioner.

The Court of Civil Appeals erred in holding that where an article is susceptible of being restored to its condition prior to its being damaged, that the reasonable cost of restoring the injured article is a correct measure of damages in part, but is not a correct measure of damages as to the replacements, and that said replacements effected an enhancement of its value. Chicago R. I & G. Ry. Co. v. Zumwalt, 239 S. W. 912; Yellow Cab and Transfer Co. v. Warren Co., 148 S. W. 2d 209; Dallas Ry. & Ter. Co. v. Strickland Transportation Co., 225 S. W. 2d 901.

*Henson, Coleman, Foster & Walker* and *T. Jay Foster,* all of Pasadena, for respondent.

The Court of Civil Appeals should have affirmed the judgment of the trial court in its holding that it was not sufficient

predicate for a judgment for damage to personal property to show merely the necessary and reasonable cost of repairs but that the evidence should further show that said repairs did not enhance the value of the damaged property over the value it had immediately prior to the accident causing the damage. Campbell v. Johnson, 290 S. W. 526; Tinney v. Williams, 144 S. D. 2d 344; Chase Bag Co. v. Longoria, 45 S. W. 2d 242.

MR. JUSTICE HARVEY delivered the opinion of the Court.

The Pasadena State Bank sued J. B. Isaac, doing business as the Pasadena Transfer Company, for damages to an electrical accounting machine belonging to the bank which Isaac had been employed to move from one location to another. In the handling of the machine by Isaac's employees it was so badly damaged that it had to be returned to the manufacturer for repairs. The total cost of repairs was $979.39, of which sum $600.00 was for new parts and the remaining $379.39 covered labor and transportation costs to and from the factory. The bank sued for the total cost of repairs, the case being tried before the court without a jury, and judgment was entered in favor of the defendant. Upon appeal to the Court of Civil Appeals the judgment of the trial court was reversed and rendered in favor of the Pasadena State Bank for the sum of $379.39, the labor and transportation costs. On this appeal no issue is presented with reference to liability, the defendant having been found guilty of certain acts of negligence, which were the proximate cause of the damages to the machine, and the defendant having been found not guilty of contributory negligence, with sufficient evidence in the record to sustain these findings.

The trial court filed its findings of fact and conclusions of law which reflected that the machine, when new, cost $1700.00; that after it had been damaged through the defendant's negligence it was susceptible to repairs and that plaintiff had spent the sum of $979.39 therefor which sum was reasonably necessary to restore the machine to the same condition it was in immediately before it was damaged; that $600.00 of the repair bill was expended for new parts and the remainder was for labor and transportation costs, as indicated above; that no evidence was introduced by the plaintiff to show the relative value of the machine immediately before it was damaged and immediately after it had been damaged; that the repairs, as made, did not include any "innovations" or "new features" but only covered repairs necessary to restore the machine to its former operating condition in all respects; that such repairs were reasonable and necessary and did restore the machine to the same condition it

was in immediately before being damaged. The trial court concluded that the burden of proof was on the plaintiff to show the market value of the machine immediately before and after the accident in which it was damaged, and that such court could not properly enter a judgment based upon the reasonable necessary cost of repairs alone, inasmuch as such a judgment would not take into account the evident possibility that the market value of the machine after its repair might exceed the market value of the machine immediately before the accident. Accordingly, judgment was rendered that the Pasadena State Bank, plaintiff, recover nothing from the defendant.

The Court of Civil Appeals reversed the judgment of the County Court at Law of Harris County and rendered judgment for the plaintiff, Pasadena State Bank, for the sum of $379.39, the labor and transportation costs, and made the observation in its opinion that such costs did not effect any enhancement in value of the machine. 222 S. W. 2d 181.

■■ The basic reason underlying rules for the ascertainment of damages for any tortious act is a fair, reasonable, and proper compensation for the injury inflicted as a proximate result of the wrongful act complained of. The general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property at the place where the damage was occasioned. This principle of law is of such universal application that it would be trite to cite authorities from the many jurisdictions that follow the rule. See annotations in 169 A. L. R., p. 1075, et seq.

■ Different factual situations, however, sometimes require a somewhat different yardstick to measure damages than the one just set out. For instance, a chattel might be totally destroyed; also, it is conceivable that the personal property destroyed might not have a market value. Again, repairs reasonably and necessarily might be made which would have the effect not only of restoring the damaged article to its original condition, but in addition result in an enhancement of its value. Consequently, there are variations in the way in which the method of determining damages may be stated. In cases where the damaged personal property is susceptible of repairs the owner of the injured property may recover the reasonable costs of such replacements and repairs as are necessary to restore the damaged article to its condition immediately prior to the accident. Chicago R. I. & G. Railway Company v. Zumwalt, 239 S. W. 912; Tinney v.

Williams, 144 S. W. 2d 344; Texas Power & Lighting Company v. Hale, 276 S. W. 746; Chase Bag Company v. Longoria, 45 S. W. 2d 242; El Paso Electric Company v. Collins, 10 S. W. 2d 397 and Dallas Railway & Terminal Co. v. Strickland Transp. Co., 225 S. W. 2d 901. The rule is concisely expressed in Restatement of the Law of Torts, Vol. 4, Sec. 928, as follows:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use.

* * *." One can (the owner) "recover only the difference in its value before and after the harm, except that if, after the harm, it appears to be economical to repair the chattel, he can elect to recover the cost of repairs, together with the value of the loss of use during the repairs, or other losses which may have resulted during such time."

■ The elements constituting repairs would not be limited necessarily to the cost of parts and replacements; as a matter of course, they would include also the necessary and reasonable cost of labor in installing such parts, together with, as in this case, the cost of transportation to and from the factory. There are numerous decisions to the effect that towage and storage charges, as well as pecuniary loss of the use of an automobile damaged in a collision, are recoverable as part of the loss sustained by the owner. The Court of Civil Appeals in its opinion states the general rule on measure of damages to personal property, which is set out in the case of Chicago R. I. & G. Railway Co. v. Zumwalt, 239 S. W. 912. Also, that court recognizes the rule laid down in the case to which reference is above made with respect to injured articles that are susceptible to restoration. However, in applying the law to the facts of the instant case the Court of Civil Appeals apparently based its conclusions on the statement made in the trial court's findings of fact that the market value "of said machine after repairs might exceed the market value of said machine immediately before said accident." Reasoning therefrom the court holds that the sum of $379.39, which constitutes the necessary cost of the transportation to the factory and back and the labor necessary to restore the

machine to its original operating condition, was recoverable in that this element of damage did not effect any enhancement in value of the machine as repaired. A recovery of the $600.00, the cost of parts and replacements, was denied and judgment rendered in favor of the plaintiff for the amount representing labor and transportation costs.

■■ When the plaintiff introduced evidence to show the reasonable and necessary cost of restoring the accounting machine, including labor and transportation, to the identical condition it was in immediately prior to the damage thereto, a prima facie case was made out by the plaintiff. Presumably, if the expenses incurred restored the machine to the same condition it was in prior to the accident, there was no enhancement in its value. Under such a fact showing, if the defendant desired to allege and prove by competent evidence that the value of the machine had been enhanced by the repairs made on it, then it was incumbent upon him to show defensively that there had been an enhancement. While the burden of the whole case was upon the plaintiff, still when the prima facie showing was made, as in this instance, the burden of proceeding shifted to the defendant to show that the repairs, as made, resulted in added value to the article in question. The Court of Civil Appeals erred in not allowing the item of $600.00 which the trial court found was a part of the reasonable and necessary cost to restore the machine to the same condition it was in immediately before it was damaged. Therefore the judgment of the Court of Civil Appeals will be reversed and here rendered for the amount sued for, $979.39, which was the total sum that it was necessary and reasonable for the plaintiff to expend to restore the machine to its condition immediately prior to the accident.

Opinion delivered March 8, 1950.

Rehearing overruled April 5, 1950.