**Bob NIELSON, Appellant,**

v.

**Selma OKIES, Appellee.**

**No. 6336.**

Court of Civil Appeals of Texas,
El Paso.

Dec. 5, 1973.

Dale A. McCleary, El Paso, for appellant.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an action for recovery of damages to property which plaintiff-Appellee leased to defendant-Appellant. Plaintiff alleged that the defendant caused damage to the leased building when he vacated it at the end of the term. In a trial without a jury, the trial Court entered judgment in favor of the plaintiff in the amount of $2,000.00. We are of the opinion that the judgment should be affirmed.

The trial Court filed findings of fact which support the judgment rendered if the findings are in fact supported by the evidence. Appellant raises by no evidence and insufficient evidence points the question that there is no evidence or insufficient evidence to warrant the judgment in the amount of $2,000.00. Under the general rule applicable in this State, when a case is tried to the court without a jury, the findings of fact are equivalent to a jury

verdict and such findings will support a judgment if there is any evidence of probative value to support them. Lindley v. Lindley, 201 S.W.2d 108 (Tex.Civ.App.— Fort Worth 1947, writ ref'd n.r.e.); Kennedy v. General Geophysical Co., 213 S.W. 2d 707 (Tex.Civ.App.—Galveston 1948, writ ref'd n.r.e.). In passing on the legal question of no evidence, we follow the familiar rule restated in Garza v. Alviar, 395 S.W. 2d 821 (Tex.Sup. 1965), that is, we consider only the evidence and the inferences tending to support the findings and disregard all evidence and inferences to the contrary. In passing on the factual sufficiency of the evidence, we examine all of the evidence, both pro and con, and reverse and remand for a new trial if it should be our conclusion that the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). From our examination of the evidence under those rules, we are of the opinion that there is evidence of probative force and that it is factually sufficient to support the trial Court's findings. Appellant stresses the fact that the Appellee's testimony was that she had only actually expended in repairs to the vacated premises the sum of $247.00, and this he contends is the extent of her damages. We are unable to agree, because ordinarily damages are to be measured by the injuries sustained by the complaining party. Harrell v. F. H. Vahlsing, Inc., 248 S.W.2d 762 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e.). The evidence was that the property was in good condition at the time of its occupancy under the lease but that upon its being vacated it would take some $3,900.00 to repair specified items to place it in good condition. The trial judge reduced this amount to $2,000.-00 to allow for normal wear and tear. Thus the damages to which Appellant was held were under the rule announced, and whether or not Appellee has yet, or will in the future, make the repairs of those injuries and damages is not of consequence in arriving at the amount thereof. The general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after injuries to such property. The rule is also well established, however, that where damaged property is susceptible of repairs, the owner may recover reasonable costs of such replacements and repairs as are necessary to restore damaged property to its condition immediately prior to the injury. Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127 (1950); Hill & Hill Truck Line, Inc. v. Powell, 319 S.W. 2d 128 (Tex.Civ.App.—Waco 1958, no writ). The law appears to be settled that upon the introduction of evidence showing a reasonable cost of such replacements and repairs to restore the damaged property to its condition immediately before the damage was done, the owner makes out a prima facie case for recovery. The burden then shifts to the party who damaged it to show that the repairs as made resulted in an enhanced value. Pasadena State Bank v. Isaac, supra; Paul v. Johnson, 314 S. W.2d 338 (Tex.Civ.App.—Houston 1958, writ dism'd). In the case before us, there was evidence of the condition of the premises before and after the defendant's occupancy and of the cost to restore the property to its condition immediately before the damage was done.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.