Shirley JONES, Appellant,

v.

Pauline WALLINGSFORD, Appellee.

No. 11–95–300–CV.

Court of Appeals of Texas,
Eastland.

April 18, 1996.

Rehearing Overruled May 23, 1996.

Sam Reyes, Hanna & Reyes Law Firm,
L.L.P., Abilene, for appellant.

William A. Hicks, Kory G. Robinson,
McMahon, Surovik, Suttle, Buhrmann, Hicks
& Gill, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON
and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

Shirley Jones sued Pauline Wallingsford
for damages and injuries arising from an
automobile collision. The jury found that
Jones and Wallingsford were each 50 percent
negligent and awarded Jones $1,250 for
physical injuries. The jury awarded Jones
"zero" dollars for damages to her vehicle.
Jones appeals. Because we find that the
jury's answer that Jones suffered no loss to
her vehicle is so against the great weight and
preponderance of the evidence as to be mani-
festly unjust, we reverse and remand.

The accident occurred in 1991. Jones was
driving a 1984 Mercury Grand Marquis.
Wallingsford's car, a 1987 Ford LTD, was
just in front of Jones and was going the same
direction. As Jones steered her vehicle into
the left-hand turn lane from Highway 36 to

Farm-to-Market Road 18, Wallingsford's vehicle suddenly veered from the traffic lane into the turn lane. Jones swerved to the right, trying to avoid Wallingsford. The right front quarter of Jones' car collided with the rear of Wallingsford's vehicle. Wallingsford testified that she believed that she had had a blow out immediately prior to the impact.

In an action for damage to an automobile, the owner may sue for either the diminution of the market value or the cost of repair to the damaged vehicle. RESTATEMENT (SECOND) OF TORTS § 928 (1991); *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127 (1950). Jones sued for the recovery of the loss of market value of her vehicle. In determining the loss of market value, the amount of damages is the difference between the market value of the automobile immediately before the accident and the market value of the automobile immediately after the accident. *Thomas v. Oldham*, 895 S.W.2d 352 (Tex.1995); *Pasadena State Bank v. Isaac*, supra. The owner of an automobile may testify as to the value of the vehicle before and after its collision, even though the owner would not be qualified as an expert. *Porras v. Craig*, 675 S.W.2d 503 (Tex.1984); *Fidelity & Casualty Company of New York v. Underwood*, 791 S.W.2d 635 (Tex.App.—Dallas, 1990, no writ).

At the time of the accident, Jones' vehicle was seven years old and had over 100,000 miles on it. Jones stated that she believed the vehicle lost from $2,000 to $2,500 in market value because of the accident and asked the jury to award her $2,500 in damages.

Jack L. Jones, appellant's husband, testified that he bought the car new in 1984 for approximately $14,000. Mr. Jones said that the vehicle was repaired after the accident for $3,500. Mr. Jones traded the car in on a new vehicle in 1994 and received $3,000 for the value of his trade in.

Mr. Jones testified they would have asked, in 1991 before the accident, over $6,000 for

the vehicle. Mr. Jones stated that, after the accident but before repairs, he was of the opinion that the wrecked vehicle had a market value of $1,500 to $2,000.

Wallingsford's trial counsel cross-examined Mr. Jones as to his opinion of the market value of the vehicle using a NADA Appraisal Guide. Mr. Jones agreed that the guide showed the maximum retail value of the 1984 car to be $3,000 in 1994.

In her sole point of error, Jones first argues that the evidence is legally insufficient to support a "zero" finding by the jury on the amount of damages to her vehicle. It was Jones' burden at trial to establish the loss of market value to her vehicle. Therefore, on appeal, Jones must show that the evidence conclusively establishes the amount of her loss. See Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361 (1960); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Because the evidence does not, we overrule that portion of Jones' point of error addressing the legal sufficiency of the evidence.[1]

Also, in her point of error, Jones argues that the jury's finding of no damages is so against the great weight and preponderance of the evidence as to be manifestly unjust. We agree. Wallingsford argues that the jury's finding that Jones suffered no damage to her vehicle is supported by the evidence. Wallingsford argues that the NADA guide showed that the market value of the car was $3,000, the same amount that Jones and her husband received for their trade-in value. However, we must consider all of the evidence both in support of and contrary to the jury's findings. See *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex. 1986); *Cain v. Bain*, 709 S.W.2d 175 (Tex. 1986).

The market value of $3,000 which Wallingsford claims was established by the guide was the value after extensive repairs had been made to the damaged vehicle and after

---

1. The intriguing question in this point is whether, on appeal, Jones must show that the evidence conclusively establishes that she suffered some damage as opposed to the zero amount found by the jury or she must show that the evidence conclusively establishes the amount of her damages. We find that the latter standard of review is proper because, to sustain a "no evidence" challenge, this court must render judgment. To render judgment, the evidence would have to conclusively establish the exact amount of the damages.

the car had been driven an additional three years. The market value for the damaged automobile must be established immediately before and immediately after the accident. The Joneses' vehicle was damaged to such an extent that it could not have been driven from the scene of the accident. A photograph in the record shows the Joneses' vehicle being towed from the accident. The photograph clearly shows that the car had extreme damage to the front end. Considering all of the evidence, both in support of and contrary to the findings, we hold that the jury's finding that Jones suffered no damage to her car is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company,* supra; *Hammond v. Estate of Rimmer,* 643 S.W.2d 222 (Tex.App.— Eastland 1982, writ ref'd n.r.e.); see and compare *Southern Pine Lumber Co. v. Andrade,* 124 S.W.2d 334 (Tex.1939) (zero finding in damage issue immaterial because no finding of liability). See also Justice Raul A. Gonzalez and Rob Gilbreath, *Appellate Review of a Jury's Finding of "Zero Damages,"* 54 TEX.B.J. 418 (1991). Accordingly, we sustain that portion of Jones' point of error attacking the factual sufficiency of the evidence.

The judgment of the trial court is reversed, and the cause is remanded for new trial.