In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-077 CV


____________________



SAMUEL MARTIN BRADEN, Appellant



V.



TODD KIRKLAND, Appellee






On Appeal from the 217th Judicial District Court


Angelina County, Texas


Trial Court Cause No. 32,659-99-12






MEMORANDUM OPINION


 Appellant Samuel Braden sued Todd Kirkland for property damages he says were
caused by Kirkland's negligent operation of a motor vehicle. Kirkland stipulated to liability
for the accident, but not to Braden's alleged damages. At the conclusion of Braden's
evidence, Kirkland moved for a "directed verdict." (1) The trial court granted Kirkland's
motion and entered judgment accordingly. After Braden's motion for new trial was denied,
he filed this appeal. 

 In a bench trial, where the trial court serves as trier of fact and law and enters a
judgment at the conclusion of plaintiff's case, an appellate court presumes the trial court
ruled on both the legal and factual sufficiency of the evidence. Qantel Business Sys., Inc. v.
Custom Controls Co., 761 S.W.2d 302, 304-305 (Tex. 1988). In a single issue, Braden
contends he introduced probative evidence to support his claim for property damages. We
understand Braden's issue to be a challenge to the factual and legal sufficiency of the
evidence supporting the trial court's judgment. 

 A party attacking the legal sufficiency of an adverse finding on which he had the
burden of proof must demonstrate on appeal that the evidence conclusively established all
vital facts in support of the issue. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex.
2001). When a party attacks the factual sufficiency of the evidence supporting an adverse
finding on which he had the burden of proof, he must demonstrate that the adverse finding
is against the great weight and preponderance of the evidence. Id.; see also Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). 

 Braden owns an air conditioning and heating business. Braden claimed his truck was
damaged, he lost the use of his truck and he lost some of his tools of trade as a result of the
accident. According to Braden, the bed and lift gate of his 1996 three-quarter-ton Ford diesel
truck were damaged, as were various tools and equipment in the back, including an air
compressor, cordless drill, leak detector, gas detector, torches, reclaim machine, freon
gauges, gauge manifold, freon leak detector, oxygen regulator, acetylene regulator, gas
pressure test kit, and reclaim machine. Braden also testified the truck was leaking oil from
the rear end. Braden opined it would cost $3,000 to replace all of the damaged tools. Braden
stated he had replaced some of the tools and equipment, and was using his father's air
compressor. In his opinion, based upon his research, the value of the air compressor was
approximately $500, and the cost of repairing the truck would be $7800. Kenneth Wilson,
a witness to the accident, testified by deposition that the service truck driven by Braden was
struck from behind, and the impact pushed the bed of Braden's truck forward until it creased
the back of the cab. Braden indicated he had not had the truck repaired, but had done some
repairs himself, and eventually traded it in for another vehicle. Braden also stated he had lost
the use of the truck to transport his backhoe and bulldozer, so he hired Red & Red Concrete
to move his bulldozer and backhoe ten times, at a cost of $1,410. Braden offered a videotape
at trial, which showed his truck and the various items which were damaged in the accident.

 On cross examination, Braden admitted that he did not have any of the tools repaired;
did not have anyone examine the tools; did not have the gauges checked; did not try to sell
the equipment; that he simply decided the tools did not work and discarded them. Braden
did not recall seeing a letter from the insurance company asking him to retain the tools, but
admitted it was possible he had seen it. Braden had no receipts for any of the equipment, did
not recall what it cost, where he bought it, when he purchased it, and he did not have the
serial numbers for any of the equipment. Braden did not know what the truck was worth
before or after the accident, and he did not know the trade-in amount he received. Braden
had received a check from his own insurance company, but did not cash it because he felt it
did not adequately compensate him for his damages.

 Market value is the primary method of valuation in cases involving damage to
personal property. See International-Great Northern R. Co. v. Casey, 46 S.W.2d 669, 670
(Tex. Comm'n App. 1932, holding approved). Market value is defined as the price property
would bring when it is offered for sale by one who desires to sell, but is not bound to do so,
and is bought by one under no necessity to purchase it. See Ford Motor Co. v. Cooper, 125
S.W.3d 794, 799 (Tex. App.--Texarkana 2004, no pet.). The market value of property is
determined at the place where the damage occurred. See Thomas v. Oldham, 895 S.W.2d
352, 359 (Tex. 1995). If the property has a market value, a plaintiff's damages are
measurable as the difference in market value immediately before and after the injury. Id.;
see also Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127, 128 (Tex. 1950).

 If the property has no market value and can be replaced, replacement costs are the
proper measure of damages. See Shaw Tank Cleaning Co. v. Texas Pipeline Co., 442 S.W.2d
851, 854 (Tex. App.--Amarillo 1969, writ ref'd n.r.e.). It is the plaintiff's burden to show
which method of valuation other than market value is appropriate. See Moran Corp. v.
Murray, 381 S.W.2d 324, 328 (Tex. Civ. App.--Texarkana 1964, no writ). A plaintiff may
elect repair damages instead of valuation damages. See Central Freight Lines, Inc. v. Naztec,
Inc., 790 S.W.2d 733, 734 (Tex. App.--El Paso, 1990, no writ). A plaintiff must prove the
costs of repair were reasonable and necessary. 2 Fat Guys Inv., Inc. v. Klaver, 928 S.W.2d
268, 273 (Tex. App.--San Antonio 1996, no writ). 

 Braden sought replacement damages for his equipment. However, Braden failed to
offer evidence of the before-and-after fair market value comparison of any of the property,
or any evidence that the property had no fair market value. Braden offered conclusory,
unsupported testimony of the cost of replacing the tools, and of the "value" of the air
compressor, but no testimony about the post-accident fair market value or salvage value of
the equipment. Braden did not have any of the tools repaired, did not have anyone examine
the tools, and did not try to sell the equipment. He did not know what the truck was worth
before or after the accident, and did not know what he received when he traded the truck in
for another vehicle. Braden did not describe his "research" or explain its scope. Braden was
not entitled to recover the replacement value of the tools and compressor without first
showing the property had no market value or salvage value. The judge may have found it
incredible that he made no effort to repair the equipment. He did not offer evidence of any
amount actually paid to replace the tools or compressor. The tools were discarded despite
a request to preserve them for this litigation. He did not explain the basis for his opinion on
the costs of repairing the truck, or testify that the costs were reasonable and necessary. A
plaintiff can recover loss of use damages while property is being repaired. See Pasadena
State Bank, 228 S.W.2d at 129. However, Braden did not repair the truck or offer evidence
to establish a reasonable loss of use based on a reasonable length of time for repairs. 

 As the trier of fact in this bench trial, the trial court was the exclusive judge of
Braden's credibility and the weight to be given his testimony. The judge may have found
his conclusory testimony unreliable or not credible. Braden did not offer sufficient evidence
from which the proper measure of his damages could be determined. Appellant's issue is
overruled. The judgment is affirmed. 

 AFFIRMED.

 PER CURIAM

Submitted on July 5, 2004 

Opinion Delivered October 21, 2004 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. In a trial to the judge without a jury, as here, a motion for judgment should be
filed, not a motion for directed verdict. The judge is the arbiter of both factual and legal
issues in a bench trial. See Qantel Business Sys., Inc. v. Custom Controls Co., 761
S.W.2d 302, 304 (Tex. 1988); see also Carrasco v. Texas Transp. Inst., 908 S.W.2d 575,
576 (Tex. App.--Waco 1995, no writ). See also Tex. R. Civ. P. 45 ("All pleadings shall
be construed so as to do substantial justice.")