Opinion issued August 2, 2007



















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00191-CV

 __________


CESAR ARGUETA, Appellant


V.


MERCEDES BANALES, Appellee






On Appeal from County Civil Court at Law Number One

Harris County, Texas

Trial Court Cause No. 834737






MEMORANDUM OPINION

 In this auto accident case, the jury found that Mercedes Banales, appellee,
negligently caused damage to Cesar Argueta's, the appellant's, car. In his sole issue,
Argueta asserts that the final judgment was erroneous because (1) there was no
evidence or pleadings to support the jury's finding of a total loss, (2) he is entitled to
rental costs that the jury awarded to him, and (3) the trial court incorrectly calculated
costs and interest. We vacate the judgment and remand the case to the trial court for
entry of a new judgment. 

Background


 On March 10, 2005, cars driven by Argueta and Banales collided. Argueta
sued Banales to recover for the damage to his 1994 Toyota Corolla involved in the
collision. At trial, Argueta testified that his car was repairable. However, the trial
court instructed the jury to disregard any testimony regarding the repair cost because
"you're required to have someone who is in that profession who can testify what a
reasonable cost of repairs would be." 

 The jury found Banales negligent for the collision. The jury also found that (1)
the difference in the market value of Argueta's car before and after the collision was
$1,800; (2) Argueta was entitled to $1,100 for rental car charges; and (3) Argueta's
car was a total loss. In its final judgment, the trial court awarded Argueta $1,800 plus
costs and interest and noted that, "since the jury would [sic] the vehicle was a total
loss, Plaintiff is not entitled to damages for his use of a rental car." Argueta appeals
the entry of this judgment.


Total Loss and Award of Rental Car Charges


 In his sole issue, Argueta argues that the trial court's final judgment is
erroneous because there was no evidence or pleadings to support the jury's finding
of total loss and the final judgment should have included his rental car charges. We
disagree. 

 The jury's finding of total loss was immaterial to the final judgment entered in
this case. In other words, even if the jury had found that Argueta's car was repairable
and not totally destroyed, the final judgment entered by the trial court would be the
same. Argueta would not have been awarded his rental car charges. 

 When a person's property is not totally destroyed, two alternative measures of
damages may be used to calculate damages for the injury to the property. A plaintiff
may recover the diminution in value of the article, calculated as the difference in the
market value of the property before and after the accident. Waples-Platter Co. v.
Commercial Standard Ins. Co., 156 Tex. 234, 236, 294 S.W.2d 375, 376-77 (Tex.
1956). In the alternative, a plaintiff may elect to recover the reasonable cost of
repairing the property. Pasadena State Bank v. Isaac, 149 Tex. 47, 51, 228 S.W.2d
127, 129 (Tex. 1950). If cost of repair damages are sought, damages for loss of use
of the property may also be recovered. Berry Contracting v. Coastal States
Petrochem., 635 S.W.2d 759, 761 (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e.);
Exp. Ins. Co. v. Herrera, 426 S.W.2d 895, 901 (Tex. Civ. App.--Corpus Christi
1968, writ ref'd n.r.e.). Loss of use damages include rental costs and charges. See
Luna v. N. Star Dodge Sales, Inc., 667 S.W.2d 115, 119 (Tex. 1984); Mondragon v.
Austin, 954 S.W.2d 191, 193 (Tex. App.--Austin 1997, pet. denied). However, it has
long been established that loss of use damages are recoverable only if the plaintiff
seeks recovery for cost of repair damages; they are not available as a separate
measure of damages when the plaintiff seeks recovery for diminution in value. See
Cogbill v. Martin, 308 S.W.2d 269, 271 (Tex. Civ. App.--Waco 1957, no writ)
(citing Pasadena, 149 Tex. at 51, 228 S.W.2d at 129). 

 A plaintiff may not recover (1) the difference in the value of the property
immediately before the injury and immediately after the injury and before repairs as
well as (2) the cost of repairs and for loss of use. Such a recovery would constitute
an impermissible double recovery. Parkway Co. v. Woodruff, 901 S.W.2d 434, 441
(Tex. 1995) (holding that homeowner had to choose between diminution in market
value of home and cost to repair).

 In this case, Argueta elected to seek, and the jury found, damages calculated
as the diminution in market value of his car before and after the accident. Argueta
elected not to pursue damages for costs of repair. Accordingly, regardless of whether
the jury found that the car was repairable, Argueta could not recover damages for loss
of use, i.e., rental car charges, because he did not seek damages for costs of repair. 
See Cogbill, 308 S.W.2d at 271. In light of Argueta's submission to the jury under
the measure of damages theory of recovery, the jury's finding of total loss was
immaterial and could have been properly disregarded by the trial court in its
judgment. See Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex.
1994) (holding that a jury question is immaterial when it should not have been
submitted or when it was properly submitted but has been rendered immaterial by
other findings). The final judgment correctly excluded an award of Argueta's rental
car charges. 

Costs


 Argueta next contends that, in addition to the actual damages awarded by the
jury, he is entitled to $212 in costs through trial. The clerk assessed $162 in costs,
and, after trial, Argueta asked the costs to be retaxed. The request was denied. On
appeal, Banales agrees that Argueta should be awarded $212 in court costs.

 Costs, within the meaning of Rules 125 through 149 of the Rules of Civil
Procedure, are those items in the clerk's bill of costs. Tex. R. Civ. P. 125-149. In
response to a request for an award of costs, the trial court's role is to determine which
party or parties is to bear the costs of court, not to adjudicate the correctness of
specific items. Reaugh v. McCollum Exploration Co., 167 S.W.2d 727, 728 (Tex.
1943). The inclusion of specific items taxed as costs is a ministerial duty performed
by the clerk. Id. Correction of errors in specific items of costs is sought by a motion
to retax costs. Id.

 Allocation of costs is a matter for the trial court's discretion and cannot be
overturned on appeal unless the trial court abused its discretion. Univ. of
Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 914 (Tex. App.--Houston [1st Dist.]
1998, no pet.). Unless the trial court makes a finding of good cause, an abuse of
discretion is shown when costs are not allocated according to the provisions of Rule
131. (1) Id.

 Argueta was entitled to recover his entire court costs under Rule 131 in the
amount agreed to by the parties because he was successful in his negligence claim
and because the trial court did not make any finding relating to good cause. 

Interest 


Prejudgment Interest

 Argueta contends that he is entitled to prejudgment interest on $2,900 ($1,800
+ $1,100) at a rate of 5% per annum, in simple interest, from March 26, 2005 to
December 5, 2005. The final judgment, which was rendered on December 6, 2005,
provided for pre-judgment interest as follows:

 Simple pre-judgment interest is calculated, per annum, from
March 26, 2005, the day suit was filed, until November 30, 2005 when
a jury verdict was rendered. Prejudgment interest is calculated as
follows:


 March 26, 2005 to November 30, 2005 - $38.50

 Total prejudgment interest: $38.50


 The interest between December 6, 1997 [sic] and September 6,
1998 [sic] is calculated at a rate of ten (5%) [sic] percent per annum on
Eighteen Hundred Dollars ($1,800.00) for a period of five months and
four days.


 The pre-judgment interest is to be added to the jury award to bring
the total judgment to One Thousand, Eight Hundred, Thirty Eight
Dollars and/50 Cents ($1,838.50). 


 Here, the rate and means of calculating interest is determined as a matter of
law. See Tex. Fin. Code Ann. § 304.104 (Vernon 2006). Under section 304.104,
prejudgment interest accrues "during the period beginning on the earlier of the 180th
day after the date the defendant receives written notice of a claim or the date the suit
is filed and ending on the day preceding the date judgment is rendered." Id. Section
304.104 "applies only to a wrongful death, personal injury, or property damage case." 
Id. § 304.101.

 There is no dispute that the pre-judgment interest began accruing on March 26,
2005, the day that suit was filed. Pre-judgment interest should have stopped accruing,
however, on December 5, 2005, the day preceding the date judgment was rendered,
not on November 30, 2005, "when the jury verdict was rendered." Accordingly, we
reform the judgment to reflect 5% interest on $1,800 from March 26, 2005 to
December 5, 2005. (2)

Postjudgment Interest

 Argueta also contends that he "is entitled to postjudgment interest on all
amounts, in compounded interest, at a rate of 5% per annum from December 6, 2005
until paid in full." The final judgment provided for postjudgment interest as follows:

"IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that Plaintiff, CESAR
BANALES, [sic] have and recovery [sic] post-judgment interest on this judgment at
the interest rate of ten percent (5%) [sic] per annum from the date used entered until
it is paid." 

 Postjudgment interest on a money judgment accrues during the period
beginning on the date the court renders judgment and ending on the date the judgment
is satisfied. Tex. Fin. Code Ann. § 304.005(a) (Vernon Supp. 2006). Postjudgment
interest, unlike prejudgment interest, is not an element of the measure of damages in
a personal injury case. Univ. of Tex. Med. Branch at Galveston v. York, 808 S.W.2d
106, 112 (Tex. App.--Houston [1st Dist.] 1991) rev'd on other grounds, 871 S.W.2d
175 (Tex. 1994). Instead, postjudgment interest is compensation allowed by law for
the use or detention of money computed from the date of the rendition of a judgment
until the date of its satisfaction. Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 3(a)
(Vernon Supp.1991). When a judgment debtor makes a timely, unconditional tender
of payment of the judgment, no postjudgment interest will be allowed. Trevino v.
City of Houston, 695 S.W.2d 289, 291 (Tex. App.--Houston [1st Dist.] 1985, writ
ref'd n.r.e.). 

 Banales responded that Argueta "is not entitled to postjudgment interest as
[Banales] tendered the amount of judgment immediately after it was signed." A
tender, to be effective, must be legally valid; it must be unconditional; and it is
without legal effect if it is accompanied by conditions which the debtor has no right
to impose. Baucum v. Great Am. Ins. Co. of New York, 370 S.W.2d 863, 866 (Tex.
1963); e.g., Plasky v. Gulf Ins. Co., 160 Tex. 612, 616, 335 S.W.2d 581, 583-84 (Tex.
1960). The burden of proving a valid tender is on the party asserting it. Rozelle v.
First Nat'l Bank in Dallas, 535 S.W.2d 768, 771 (Tex. Civ. App.-- Waco 1976, writ
ref'd n.r.e.); e.g., Bus. Aircraft Corp. v. Elec. Communications, Inc., 391 S.W.2d 70,
71 (Tex. Civ. App.--San Antonio 1965, writ ref'd n.r.e.). Here, there is no
verification in the record that Banales unconditionally tendered the amount of the
judgment. (3) Furthermore, given our holding regarding prejudgment interest, the
amount of the judgment will be reformed. 


Conclusion


 We order the clerk to retax the costs, and we remand this case to the trial court
to calculate prejudgment interest consistent with this opinion and correct the
judgment to reflect the correct interest rate. In all other respects, we affirm the trial
court's judgment. 


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.














1. "The successful party to a suit shall recover of his adversary all costs incurred therein,
except where otherwise provided." Tex. R. Civ. P. 131. 
2. We have already determined that Argueta was not entitled to the additional $1,100.
3. The record does contain a copy of a letter that Banales sent to Argueta's attorney. 
Attached to the letter is a copy of the check for the judgment. The letter indicates that
the check will be released once Argueta signs a power of attorney releasing the car,
and once he produces the original title for the car. The record is silent as to whether
the check was actually given to Argueta.