COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, | § | No. 08-11-00150-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 112th District Court |
| | § | of Reagan County, Texas |
| JOSEPH WILDE, | § | |
| Appellee. | § | (TC# 1390) |

## O P I N I O N

Appellant Texas Farm Bureau Mutual Insurance Company (Texas Farm) appeals from a judgment awarding Appellee Joseph Wilde damages, lost profits, and attorney's fees resulting from a jury verdict that Texas Farm committed unfair or deceptive settlement practices under Texas Insurance Code Section 541.060. TEX. INS. CODE ANN. § 541.060 (West 2009). We reverse and render a take-nothing judgment.

## BACKGROUND

Wilde had a policy of insurance with Texas Farm which insured Wilde's 1999 John Deere 7455 cotton stripper for a maximum value of $90,000. Wilde filed a claim on the policy after the cotton stripper caught fire on December 16, 2005, and was "completely destroyed." After Texas Farm denied Wilde's claim, Wilde filed suit for breach of contract, breach of duty of good faith and fair dealing, and unfair settlement practices under Section 541.060 of the Texas Insurance Code, and sought to recover damages for the market value of the cotton stripper, lost profits, attorney's fees, and treble damages. TEX. INS. CODE ANN. § 541.060 (West 2009).

The case initially proceeded to trial in 2010 and the trial court denied Texas Farm's

no-evidence and traditional summary judgment motions. Thereafter, the trial court granted Texas Farm's motion for mistrial. The case was tried in 2011 and, prior to submission of the case to the jury, the trial court denied Texas Farm's motion for an instructed verdict on lost profits and attorney's fees. The trial court also overruled Texas Farm's objections to the submission of market damages, lost profits, and attorney's fees in the jury charge.[1]

The jury returned a verdict in favor of Wilde, found that Texas Farm knowingly engaged in an unfair or deceptive act or practice that caused damage to Wilde, and found market-value damages in the amount of $75,000, lost profits in the amount of $60,000, and attorney's fees in the amount of $30,000.

Before entry of the judgment, the trial court denied Texas Farm's motion for judgment notwithstanding the verdict as to the jury's award of the three damage elements. The trial court entered judgment in accordance with the jury's verdict.

## DISCUSSION

### *Sufficiency of the Evidence*

In five issues, Texas Farm contends the trial court erred in awarding $75,000 damages for diminution in market value, $60,000 lost profits, and $30,000 in attorney's fees to Wilde in accordance with the jury's verdict. In Issues One, Three, and Five, Texas Farm presents legal sufficiency challenges to the trial court's award of market-value damages, lost profits, and attorney's fees, respectively. In Issue Two, Texas Farm contends the trial court's award of lost profits was erroneous because lost-profit damages are not recoverable as a matter of law where personal property is totally destroyed. In its fourth issue, Texas Farm complains that the evidence is factually insufficient to support an award of lost profits.

---

[1] The trial court's charge did not include an instruction on treble damages.

2

*Standard of Review*

A legal sufficiency or "no evidence" challenge will be sustained if the party suffering the adverse decision at trial shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *Id.* at 823. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id*. at 827. We then determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *Id*. In so doing, we recognize the fact finder's role as the only judge of witness credibility and the weight to give to testimony. *See id*. at 819.

*Market Value – Salvage Value*

In Issue One, Appellant complains that the trial court erred in awarding market-value damages because no evidence of the market value of the cotton stripper immediately after the fire was presented at trial. We agree.

When seeking to recover damages for the loss or reduction of personal property's value, market value is the typical method of valuation. *See City of Tyler v. Likes*, 962 S.W.2d 489, 496-97 (Tex. 1997); *compare International-Great N. R.R. v. Casey*, 46 S.W.2d 669, 670 (Tex.Comm'n App. 1932) (addressing other methods of valuation). "Market value is defined as the price property would bring when it is offered for sale by one who desires, but is not obligated to

3

sell, and is bought by one who is under no necessity of buying it." *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981). The market value of damaged or destroyed personal property is the difference in the property's market value immediately before and immediately after the injury at the place where the damage occurred. *Thomas v. Oldham*, 895 S.W.2d 352, 359 (Tex. 1995); *Pasadena State Bank v. Isaac*, 228 S.W.2d 127, 128 (Tex. 1950); *Central Freight Lines, Inc. v. Naztec, Inc.*, 790 S.W.2d 733, 734 (Tex.App.–El Paso 1990, no writ). An owner may testify about the market value, rather than the intrinsic value, of the property if his testimony shows that he is familiar with the market value of the property and his opinion is based upon that market value. *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996); *Thomas*, 895 S.W.2d at 359 n.10; *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 760 (Tex.App.–Dallas 2008, no pet.). In establishing market value, a plaintiff is not permitted to rely upon the purchase price of the property. *See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 889 (Tex.App.–Dallas 2009, no pet.).

In his pleadings, Wilde contended that the cotton stripper was totally destroyed by fire. Texas Farm asserts that the evidence at trial showed the cotton stripper was a total loss and Wilde was required, but failed, to prove the cotton stripper's post-loss value in the form of its salvage value. Although evidence at trial showed the cotton stripper's purchase price, its low "hours" of use, a lack of damage to the engine, and that the cotton stripper had salvage value in general, Appellee presented no evidence of the cotton stripper's immediate post-fire market value in Reagan County. *Thomas*, 895 S.W.2d at 359; *Pasadena State Bank*, 228 S.W.2d at 128; *Central Freight Lines, Inc.* 790 S.W.2d at 734. Because Texas Farm has shown the complete absence of a vital fact at trial essential to the determination of market value, its legal-sufficiency challenge must be sustained. *City of Keller*, 168 S.W.3d at 810. Because no evidence existed to support the

4

submission of an award of market-value damages to the jury, the trial court erred in overruling Texas Farm's objections to the jury charge on market value, its motion for judgment notwithstanding the verdict, and awarding market-value damages. We sustain Issue One.

*Lost Profits*

In Issue Two, Texas Farm contends that because Wilde sought to recover the market value of the destroyed cotton stripper, Wilde was not entitled to also recover the loss of its use or lost profits. We agree.

Typically, when personal property has been damaged, an injured plaintiff can recover the market value of the property. *Thomas*, 895 S.W.2d at 359; *Pasadena State Bank*, 228 S.W.2d at 128; *Central Freight Lines, Inc.*, 790 S.W.2d at 734. When the personal property has not been totally destroyed, an injured plaintiff may elect to recover either the market-value damages or the reasonable cost of repairs. *Central Freight Lines, Inc.*, 790 S.W.2d at 734. Loss-of-use damages are permitted where cost-of-repair damages are sought. *Berry Contracting v. Coastal States Petrochem.*, 635 S.W.2d 759, 761 (Tex.App.–Corpus Christi 1982, writ ref'd n.r.e.). A plaintiff may also be entitled to recover loss-of-use damages in the form of lost profits if he loses the opportunity to accrue earnings from the use of the damaged equipment. *Wells Fargo Bank Northwest, N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 710 (Tex.App.–Dallas 2012, no pet.); *see also Chemical Express Carriers, Inc. v. French*, 759 S.W.2d 683, 687-88 (Tex.App.– Corpus Christi 1988, writ denied) (lost profits represent the loss-of-use damages when an injured plaintiff loses an opportunity to earn money from damaged property); *Alexander Schroeder Lumber Co. v Merritt,* 323 S.W.2d 163, 165-66 (Tex.Civ.App.–Texarkana 1959, no writ) (lost-profit damages are an alternative to loss-of-use damages). However, this election of remedies is not available to a plaintiff whose property is totally destroyed and he is limited to

5

seeking the proper measure of market-value damages. *See City of Houston v. Church*, 554 S.W.2d 242, 246 (Tex.Civ.App.–Houston [1st Dist.] 1977, writ ref'd n.r.e.); *see also Hartford Ins. Co. v. Jiminez*, 814 S.W.2d 551, 552 (Tex.App.–Houston [1st Dist.] 1991, no writ) (measure of damages to totally-destroyed property is its reasonable market value).

Consequently, a plaintiff whose property has not been totally destroyed may recover either (1) the market value measured by the difference in the immediate pre-injury value of the property and the immediate post-injury value before repairs, or (2) the cost-of-repair and loss-of-use damages, including lost profits, but the recovery of both remedies constitutes a double recovery.[2] *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995); *Cogbill v. Martin*, 308 S.W.2d 269, 271 (Tex.Civ.App.–Waco 1957, no writ), *citing Pasadena State Bank*, 228 S.W.2d at 129; *see also Contreras*, 361 S.W.3d at 181. Double recovery of damages is not permitted in Texas. *See Parkway Co.*, 901 S.W.2d at 441; *Southern Co. Mut. Ins. Co. v. First Bank & Trust*, 750 S.W.2d 170, 173-74 (Tex. 1988); *Contreras v. Bennett*, 361 S.W.3d 174, 181 (Tex.App.–El Paso 2011, no pet.). Similarly, a plaintiff who has no election of remedies and is limited to the recovery of market-value damages for his totally-destroyed property may not also recover lost-profit damages as this would constitute an impermissible double recovery of damages in favor of the plaintiff. *See Parkway Co.*, 901 S.W.2d at 441; *Cogbill*, 308 S.W.2d at 271; *Pasadena State Bank*, 228 S.W.2d at 129; *Contreras*, 361 S.W.3d at 181; *City of Houston*, 554 S.W.2d at 246.

Wilde sought to recover and was awarded both market-value damages for the cotton stripper as well as lost profits. Because Wilde was limited to seeking only market-value damages for his burned cotton stripper, the award of lost-profit damages constitutes an impermissible

---

[2] Damages for diminution in value and damages for cost of repairs are not duplicative if the diminution is calculated based on a comparison of the original value of the property and the property's post-repair value. *See Parkway Co.*, 901 S.W.2d at 441, *citing Ludt v. McCollum*, 762 S.W.2d 575, 576 (Tex. 1988).

double recovery. *Id.* As a result, the trial court erred when it permitted the jury to consider and determine lost-profit damages. We sustain Issue Two. Having sustained Texas Farm's second issue, we need not address Issues Three or Four, which also challenge Wilde's recovery of lost profits.

*Attorney's Fees*

In Issue Five, Texas Farm contends the evidence is factually and legally insufficient to support the award of attorney's fees. We need not address the sufficiency of the evidence to support an award of attorney's fees.

It has long been the American Rule that each party pays its own lawyers. *MBM Financial Corp. v. Woodlands Oper. Co.,* 292 S.W.3d 660, 663 (Tex. 2009). Recovery of attorney's fees is permitted only when authorized by statute, a contract between litigating parties, or under equity. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974).

Section 38.001 of the Civil Practice and Remedies Code permits the recovery of reasonable attorney's fees, in addition to the amount of a valid claim and costs, when a claim is for an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). To recover attorney's fees under Section 38.001(8), a plaintiff must prevail on a breach-of-contract claim and recover some damages. *MBM Financial Corp.,* 292 S.W.3d at 666.

Section 541.152 of the Texas Insurance Code permits a person who sustains actual damages to bring a private action for damages against a person engaging in an act or practice defined to be an unfair or deceptive act or practice in the business of insurance under Section 541.060, and a prevailing plaintiff may obtain the amount of actual damages, plus court costs and reasonable and necessary attorney's fees. TEX. INS. CODE ANN §§ 541.151(1), 541.152(a)(1)

(West 2009 & Supp. 2012).

Because the jury found that Texas Farm knowingly engaged in a deceptive or unfair settlement practice, one may initially consider Wilde to be a prevailing plaintiff. However, "[w]hether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable." *Intercontinental Group Parntership v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 655 (Tex. 2009). Consequently, a party that recovers no damages, secures no declaratory or injunctive relief, obtains no consent decree or settlement in its favor, receives none of the relief sought in its petition, and receives nothing of value of any kind enjoys no benefit of "prevailing party" status for a stand-alone breach-of-contract finding, and should not recover attorney's fees. *Id.* at 655-56.

Because we reverse the award of market-value and lost-profit damages, and because Wilde has not obtained any of the specified relief that would permit a different outcome, Wilde has received nothing of value, is not a prevailing party, and is not entitled to recover attorney's fees. *Id.* For this reason, we sustain Issue Five.

## CONCLUSION

Issues One, Two, and Five are sustained. We reverse the judgment awarding market-value damages, lost profits, and awarding attorney's fees and render judgment that Wilde take nothing. TEX. R. APP. P. 43.2, 43.3.


                                        GUADALUPE RIVERA, Justice
November 30, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

8